UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* **04  12627 RCL**

| | |
|---|---|
| STEPHEN D. CAIAZZO, | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* CIVIL ACTION NO. |
| THE MEDALLION INSURANCE | \* |
| AGENCIES, INC., | \* |
| Defendant. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND JURY CLAIM OF THE DEFENDANT
### TO THE PLAINTIFF'S COMPLAINT

The defendant, The Medallion Insurance Agencies, Inc., in the above-captioned matter, hereby makes this its answer to the plaintiff's complaint.

### FIRST DEFENSE

1.  The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiff to prove the same.

2.  The defendant admits the allegations contained in paragraph 2.

3.  The defendant denies the allegations contained in paragraph 3.

4.  Paragraph 4 of the complaint states a legal contention requiring no response from this defendant.  To the extent a response is required to this paragraph, however, it is denied.

COUNT I

5.    The defendant incorporates herein by reference its answers to paragraphs 1 through 4 and makes them its answer to paragraph 5 of Count I.

6.    The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Count I and calls upon the plaintiff to prove the same.

7.    The defendant denies the allegations contained in paragraph 7 of Count I.

8.    The defendant denies the allegations contained in paragraph 8 of Count I.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

COUNT II

9.    The defendant incorporates herein by reference its answers to paragraphs 1 through 4 and makes them its answer to paragraph 9 of Count II.

10.    The defendant denies the allegations contained in paragraph 10 of Count II.

11.    The defendant denies the allegations contained in paragraph 11 of Count II.

12.    The defendant denies the allegations contained in paragraph 12 of Count II.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

COUNT III

13.    The defendant incorporates herein by reference its answers to paragraphs 1 through 4 and makes them its answer to paragraph 13 of Count III.

14.    The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Count III and calls upon the plaintiff to prove the same.

15.    The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Count III and calls upon the plaintiff to prove the same.

16.    The defendant denies the allegations contained in paragraph 16 of Count III.

17.    The defendant denies the allegations contained in paragraph 17 of Count III.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

### SECOND DEFENSE

And further answering, the defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

### THIRD DEFENSE

And further answering, the defendant says that if the plaintiff proves that the defendant was negligent as alleged, the plaintiff was negligent to a greater degree than the defendant and is barred from recovery under the theory of Comparative Negligence.

### FOURTH DEFENSE

And further answering, the defendant says that the cause of action is barred by reason of the Statute of Limitations.

### FIFTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

## SIXTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law, and the defendant was thereby prejudiced, wherefore the plaintiff is barred from recovery.

## EIGHTH DEFENSE

And further answering, the defendant says that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

## NINTH DEFENSE

And further answering, the defendant says that, by his words and conduct, the plaintiff is estopped from recovery in this action.

## TENTH DEFENSE

And further answering, the defendant says that the plaintiff's claims are barred by plaintiff's receipt, acceptance and retention of the written policy(ies) without complaint prior to the alleged loss(es).

## ELEVENTH DEFENSE

And further answering, the defendant says that the plaintiff's claims are precluded by the doctrine of merger.

## TWELFTH DEFENSE

And further answering, the defendant says that the plaintiff's claims against it are precluded by the plaintiff's own fraud, and/or its misrepresentations of material fact.

## THIRTEENTH DEFENSE

And further answering, the defendant says the plaintiff's claims are precluded insofar as and to the extent that the plaintiff does not have standing to make his claims.

## FOURTEENTH DEFENSE

And further answering, the defendant says the plaintiff's claims are precluded insofar as the plaintiff failed to join indispensable parties, including but not limited to the named insured(s) under the various alleged insurance policies.

## FIFTEENTH DEFENSE

And further answering, the defendant says the plaintiff's claims are precluded insofar as the defendant did not proximately cause the plaintiff to sustain any uninsured loss, either because (a) the insurer(s) owed coverage yet failed to provide it due to no fault of this defendant, (b) there was no available insurance coverage for the alleged loss(es) and such absence of coverage was not attributable to any error or omission or other actionable conduct of this defendant, (c) any absence of insurance coverage was occasioned by the failure of the plaintiff and/or the named insured to perform conditions to coverage under the policy(ies) of insurance.

## SIXTEENTH DEFENSE

And further answering, the defendant says the plaintiff's claims are precluded insofar as the plaintiff fails to establish that he performed all conditions precedent to coverage under the alleged policy(ies) of insurance.

JURY CLAIM

THE DEFENDANT HEREBY MAKES CLAIM FOR A TRIAL BY JURY.

By its attorney,

William D. Chapman, BBO #551261
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200

CERTIFICATE OF SERVICE

I, William D. Chapman, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Dean Carnahan
LAW OFFICES OF DEAN CARNAHAN
126 Broadway
Arlington, MA 02474

William D. Chapman

Date: 12-14-04