UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                        )
STEPHEN D. CAIAZZO,                     )
        Plaintiff                       )
                                        )          CIVIL ACTION NO.
v.                                      )          04-12627  RCL
                                        )
THE MEDALLION INSURANCE                 )
AGENCIES, INC.,                         )
        Defendant                       )
                                        )
_____)


## JOINT STATEMENT FOR SCHEDULING CONFERENCE

I.      Concise Summary of the Parties' Positions

Plaintiff's Summary

The plaintiff, Stephen D. Caiazzo ("Caiazzo") has three separate claims against the

defendant, The Medallion Insurance Agencies, Inc. ("Medallion").  Caiazzo obtained all of his

insurance from Medallion for several years.

The first claim arose from a personal injury claim asserted against Caiazzo which ws

pending in court in 2001.  Caiazzo had insurance coverage for this claim and notified Medallion

of the claim.  However, Medallion negligently failed to report the claim to the applicable

insurance company.  As a result, Caiazzo was required to pay $35,000.00 to the injured party.

The second claim involves a disability insurance policy.  Caiazzo requested such a policy

from Medallion that would pay him $1,500.00 per week if he became disabled.  Caiazzo was

injured and became disabled in 2001 and notified Medallion of his injury and his claim under his

disability insurance policy.  Medallion negligently failed to obtain a disability insurance policy

PDF created with pdfFactory trial version www.pdffactory.com

for Caiazzo or negligently failed to report Caiazzo's claim to the appropriate insurance company, causing Caiazzo to lose his disability income benefits. Caiazzo believes that he has lost three years of these benefits, totaling about $234,000.00. This amount would be modified by or subject to terms of such a policy.

Caiazzo's third claim relates to personal property Caiazzo had acquired over his years in business. This personal property was removed from Caiazzo's business by others, who sold, transferred, kept or destroyed this personal property. Caiazzo had insurance coverage for these losses and reported his claim to Medallion. Medallion negligently failed to report this claim to the appropriate insurance company, causing Caiazzo to lose in excess of $25,000.00 in compensation for these losses.

Defendant's Summary

The defendant, The Medallion Insurance Agencies, Inc. ("Medallion") denies the plaintiff's allegations and asserts that all of the plaintiff's three claims are entirely without merit, and my ultimately be sanctionable.

The plaintiff's first claim apparently involves a personal injury claim of Joseph Cuttichia. Cuttichia claimed to have been injured on or about September 13, 1996 as a result of an altercation at a bar owned by Caiazzo. Cuttichia filed suit against Caiazzo's corporation in 1998 in the Malden District Court. The defendant was defaulted, damages were assessed, judgment entered, and an execution issued, all out of Malden District Court, by approximately December, 1998. The plaintiff later filed suit against Caiazzo individually, in the Essex Superior Court, to pierce the corporate veil and enforce the underlying judgment. Once again, the defendant did not appear. A Default Judgment the entered against Caiazzo in his individual capacity. In her December, 2002 order on the default judgment, Judge Kottmyer specifically found that Mr.

PDF created with pdfFactory trial version www.pdffactory.com

Caiazzo did not appear although notices were given. Pursuant to further hearings in late 2002 and/or early 2003, the Essex Superior Court reportedly issued an execution against Caiazzo in the amount of approximately $41,000. *Caiazzo did not report this matter to Medallion for the first time until well after the second execution.* Cuttichia filed a lien on property owned by Caiazzo and upon sale of the property in April 2003, received $35,000. Finally, at or about this time, Caiazzo reported the claim to Medallion. In doing so, Caiazzo claimed he had not received prior notice of either action. In response, Medallion promptly submitted a Notice of Occurrence to Caiazzo's insurer. The insurer, Pacific, denied the claim because of late reporting, violations of the policy terms and lack of coverage for the subject claim. Now, plaintiff claims he notified Medallion of this claim and Medallion failed to report it. This claim is entirely baselsee and contrary to prior representations of Caiazzo and/or his attorney to Medallion.

The plaintiff's second claim involves a disability claim of Caiazzo. Caiazzo claims he requested a disability policy and made a claim under said policy for a disability he suffered in 2001. Caiazzo claims Medallion failed to obtain a policy and/or failed to report his claim. Medallion states that Caiazzo never requested a disability policy. Caiazzo did no have a disability policy in effect as of the time he allegedly became disabled. Rather, Caiazzo obtained worker's compensation coverage in 2001. He attempted to make a worker's compensation claim in August 2001, within a month of the closing of his business. Caiazzo filed his worker's compensation claim directly with the insurer. He did not even attempt to file his claim through Medallion. Medallion learned about this claim by speaking with the insurer's representative. Medallion understands that Caiazzo received approximately $24,000 as a result of this claim. Caiazzo's claim that he requested coverage is false and lacks any documentary support. A disability claim was never made, and could not have been made, given the lack of coverage.

PDF created with pdfFactory trial version www.pdffactory.com

The plaintiff's third claim involves an alleged personal property loss.  Caiazzo claims unknown individuals removed personal property from his premises after the bank seized the property due to foreclosure.  At the time of this alleged loss and per his instructions to Medallion, Caiazzo did no have personal property insurance due to the cost of the premium.  Caiazzo's declination of property coverage is documented, and his other coverages were bound in strict compliance with Caiazzo's specific request.  Contrary to Caiazzo's assertions in his Complaint, Medallion did in any event submit the claim, at his request, to Caiazzo's insurer, which denied the claim due to lack of property coverage.  Caiazzo's claim that he had property coverage if false and is contrary to the documentation.

II.    <u>Joint Discovery Plan</u>

The parties propose that automatic disclosure shall be made by March 2, 2005, that all factual discovery shall be completed by July 1, 2005, that plaintiff shall provide reports of his expert(s) by July 15, 2005, that defendant shall provide reports of its expert(s) by August 15, 2005, that all discovery, including expert discovery,  shall end on September 15, 2005, that any summary judgment motion shall be filed by October 17, 2005 and that any opposition to a summary judgment motion shall be filed by November 17, 2005 or within thirty (30) days from the date the summary judgment motion is filed.

III.    <u>Certifications Pursuant to Local Rule 16.1(D)(3)</u>

Certifications of the parties are attached hereto.


Dated:  January 26, 2005

PDF created with pdfFactory trial version www.pdffactory.com

/s/  Dean Carnahan_____        /s/  William D. Chapman_____
Dean Carnahan, Esquire                                          William D. Chapman, Esquire
Attorney for Plaintiff                                          BBO#  551261
Law Offices of Dean Carnahan                                    Kerry D. Florio, Esquire
126 Broadway                                                    BBO#  647489
Arlington, MA 02474                                             Attorney for Defendant
                                                                Melick, Porter & Shea, LLP
                                                                28 State Street
                                                                Boston, MA  02109-1775
                                                                (617) 523-6200

B-2274-JSM

PDF created with pdfFactory trial version www.pdffactory.com