UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN D. CAIAZZO,<br>    Plaintiff<br><br>v.<br><br>THE MEDALLION INSURANCE<br>AGENCIES, INC.,<br>    Defendant | CIVIL ACTION NO.<br>04-12627  RCL |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL FURTHER TESTIMONY OF FORMER
PLAINTIFF'S ATTORNEY, THOMAS COLLINS**

The defendant has filed a motion to compel further testimony of plaintiff's former attorney, Thomas Collins, including testimony regarding attorney-client communications. The defendant alleges that plaintiff has waived the attorney-client privilege by testifying regarding attorney-client communications and by placing the information protected by the privilege "at issue" through his claims and testimony.

Plaintiff opposes this motion on the grounds that plaintiff did not waive the attorney-client privilege by his testimony and that defendant has not made a sufficient showing to justify the breach of the important attorney-client privilege even if plaintiff placed communications "at issue' in his claims or testimony.

**FACTUAL BACKGROUND**

The plaintiff, Stephen Caiazzo ("Caiazzo"), brought three separate claims against his former insurance agent, The Medallion Insurance Agencies, Inc. ("Medallion"). Caiazzo's first

PDF created with pdfFactory trial version www.pdffactory.com

claim involves a personal injury claim brought against the eating and drinking establishment he owned and then against him personally. Caiazzo states that he notified Medallion of this claim in 1998 before suit was filed, then heard nothing until judgment was entered against him in 2002. Medallion contends that Caiazzo failed to report this claim until after he was defaulted in District Court, again defaulted in Superior Court and a lien had been asserted on his real estate. After receiving written notice in May 2003 from Attorney Thomas Collins, Medallion notified Caiazzo's insurer, who denied the claim for lack of coverage for the cause of the injury and for late reporting.

Caiazzo's second claim involves a disability insurance policy. Caiazzo alleges that he had such a policy with Medallion and made a claim under the policy for an injury and disability he suffered in 2001. Caiazzo claims that Medallion failed to obtain the policy and/or failed to report his claim. Medallion alleges that Caiazzo did not have a disability income policy in effect at the time he became disabled.

Caiazzo's third claim relates to a loss of personal sports memorabilia and other personal property, that was removed from his business premises after he had been evicted and after the premises were locked. Medallion alleges that Caiazzo did not have business property insurance at the time of the loss. Medallion alleges that Caiazzo declined such coverage due to the cost. Medallion also states that they submitted the claim, but the insurer denied it due to lack of property coverage.[1]

**ARGUMENT**

Medallion claims that Caiazzo waived the attorney-client privilege as to communications with Attorney Collins regarding the three claims asserted against Medallion by placing

---

[1] If Caiazzo did not have coverage, how did Medallion know the insurer to whom it alleges it sent notice of the claim.

2

PDF created with pdfFactory trial version www.pdffactory.com

information protected by the privilege "at issue" through his own testimony in this case.

The Court should begin its analysis in favor of preserving the attorney-client privilege. Greater Newburyport Clamshell Alliance v. Public Service Co., 838 F.2d 13, 20 (1st Cir. 1988). The privilege should not be waived when defendant's only reason for attempting to obtain the information is to test the credibility of the plaintiff. Darius v. City of Boston, 443 Mass. 274, 283 (1991)  The privilege can be waived if the privilege against disclosure would be manifestly unjust to the opposing party.  Sax v. Sax, 136 F.R.D. 541, 543-44 (D. Mass. 1991)  However, in the Sax case, the party claiming the privilege contended that he did not understand a written agreement.  The attorney was the only person who could testify as to the plaintiff's alleged lack of understanding.

The privilege should be waived to the extent that it will weaken, in a meaningful way, the defendant's ability to defend.  Greater Newburyport, supra at 20.  Tangential matters relating to the central issues in a case may be relevant to defendant's defenses, but the probative value can be too weak to justify breaching the important privilege.  Id.  There can be no "at issue" waiver unless the information is not available from another source. Id. at 22  The information sought must be vital to the defendant's defenses.  Darius, supra at 278, quoting Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975)

Medallion argues that Caiazzo waived the attorney-client privilege as to conversations with Attorney Collins relating to the claims against Medallion since he stated in his interrogatory answers that Attorney Collins was a person with knowledge regarding the claims against Medallion.  This interrogatory answer is not enough to justify a waiver of the attorney-client privilege.  Medallion argues that this is a case of credibility as Caiazzo lacks any physical

3

PDF created with pdfFactory trial version www.pdffactory.com

evidence to support his claims.[2] By stating that it seeks privileged information to question the credibility of Caiazzo, Medallion admits that it does not make a sufficient showing to justify the waiver of the privilege. Darius, supra at 280

Medallion claims that Attorney Collins is the only witness and that it would be disadvantaged in its ability to challenge Caiazzo's claim without a waiver of the privilege. However, Attorney Collins is not the only witness. Caiazzo can testify about the notice he gave Medallion for the personal injury claim against him, about the paperwork he completed for the disability income policy and about the coverages he had at the time of his personal property loss. In addition, Medallion received letters from Attorney Collins regarding Caiazzo's claims. There is no reason for Medallion to seek the waiver of the privilege but to test the credibility of Caiazzo. That is not a sufficient reason to hold that the privilege is waived.

Medallion argues that Caizzo waived the privilege by testifying about Attorney Collins' involvement in the claims, which made Attorney Collins' involvement and knowledge of the information provided to him by Caiazzo "at issue" in this litigation. However, Caiazzo's testimony did not waive the privilege. Caiazzo only testified that he gave Attorney Collins certain documents, saw a document in Attorney Collin's office, when he gave Attorney Collins documents, when he spoke with Attorney Collins about his claims against Medallion and the scope of Attorney Collins' representation for each claim. See Exhibit 3 to Medallion's memorandum. This limited information does not reveal any confidential attorney-client matters and does not operate as an explicit waiver of the attorney-client privilege.

---

[2]  Here Medallion is referring to actual policies in effect for the times that Caiazzo's claims arose. Caiazzo had a policy for the personal injury claim brought against him. In addition, documents produced by defendants and Caiazzo's testimony about these documents show, by implication, that he had had a policy to cover his loss of personal property. Caiazzo does not have any documents showing that he had a disability insurance policy. However, Medallion itself lost some of Caiazzo's policy documents when it moved its office. See Exhibit 1 attached hereto.

4

PDF created with pdfFactory trial version www.pdffactory.com

Regarding the personal injury claim against Caiazzo, he can testify that he notified Medallion of the claim in 1998 before suit was filed, after he received a letter from that plaintiff's attorney. He can also testify that he heard nothing about the claim until judgment had been entered against him and that he got Attorney Collins involved in 2002. More importantly, Attorney Collins testified that he first learned of this personal injury suit in December 2002 and that he sent a letter to Medallion on December 14, 2002. See Exhibit 2 attached hereto. There is nothing more for Medallion to ask Attorney Collins other than if Caiazzo spoke with him in 1998 about this claim. However, Attorney Collins has already answered this question. Medallion can get no more information from Attorney Collins and waiving the attorney-client privilege would be fruitless.

Medallion also argues that Caiazo testified that he gave a copy of the 1998 claim letter to Medallion and to Attorney Collins.[3]

Regarding the disability income policy, Attorney Collins testified that he never saw any documents relating to such a policy. See Exhibit 2 attached hereto. In addition, in his documents produced, there were no documents relating to a disability income policy. See Exhibit 2 attached hereto.[4] Medallion can obtain no more information from Attorney Collins and this inquiry would also be fruitless.

Regarding the claim of loss of personal property, the issue is whether Caiazzo had coverage for this loss. Attorney Collins can provide no additional information. Medallion already deposed Attorney Collins and failed to ask him if he had any documentation showing

---

[3] This inquiry would be only if Attorney Collins has or had a copy of this 1998 letter from that plaintiff's attorney. Attorney Collins produced his files in response to a subpoena from Medallion and there was nothing from 1998 regarding this claim. See Exhibit 2 attached hereto. Attorney Collins testified that he was not aware of the claim until December 2002. See Exhibit 2 attached hereto. Medallion's search for any other information from Attorney Collins about this claim would be fruitless.

[4] Also, Medallion may have lost the documents regarding Caiazzo's disability income policy. See Exhibit 1 attached hereto.

5

PDF created with pdfFactory trial version www.pdffactory.com

coverage on the date of loss.  See Exh;ibit 2 attached hereto. Medallion should not be allowed to depose Attorney Collins again, to ask him a question they forgot to ask at his deposition. Coverage, or the lack thereof, is normally proven by documents.  Medallion simply failed to ask Attorney Collins if he had any such documents.[5]

Caiazzo makes no attempt to hide behind the attorney-client privilege.  Further inquiry of Attorney Collins, as shown above, would be fruitless or would only give Medallion an unfair opportunity to ask Attorney Collins questions they forgot to ask him at his deposition.  The "facts" and arguments by Medallion do not support a waiver of the important attorney-client privilege as to Caiazzo's claims in this action.

## CONCLUSION

For the foregoing reasons, Caiazzo requests this Court to deny Medallion's motion to compel further testimony from Attorney Collins.

By Plaintiff's Attorney,

/s/ Dean Carnahan_____
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
126 Broadway
Arlington, MA  02474

Dated:  October 5, 2005         (781) 641-2825

B-2774-OM

---

[5]  Attorney Collins did not produce any such policy documents when he produced his file.  See Exhibit 2 attached hereto.

6

PDF created with pdfFactory trial version www.pdffactory.com

110 Florence Street
PO Box 367
Malden, MA 02148

Tel(781)324-4118
Fax(781)397-9270

**The Medallion Insurance Agencies, Inc.**

# Fax

| | | | | |
|---|---|---|---|---|
| To: | Claims Dept. | From: | Jean D'Addario | |
| Cc: | HT Bailey | Email: | | |
| Fax: | 781-646-3911 | Pages: | | |
| Phone: | 781-641-4400 | Date: | 4/25/2003 | |
| Insured: | Donna's Pub Inc. dba Cai's Food & Spirits | CC: | | |
| RE: | Pacific : Liquor Liability: Pol # ZQ0002802 | | *Policy Period - 8/96 - 8/97* | |
| | Interstate: Gen Liab: Pol#IGL11025816 | | | |
| | Claim: DOL: 9/13/1996 | | | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Please forward attached claim to both of the insurance companies named above. We have been trying to locate our file and it appears it was lost when we moved and our files went to storage. The lawyaer for our insured, Tom Collins, is requesting a copy of the policies. Could you please request copies faxed to my attention as soon as possible. Thank you so much.

Sincerely,

*Jean D'Addario*

Jean D'Addario

PDF created with pdfFactory trial version www.pdffactory.com

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN D. CAIAZZO,<br>    Plaintiff<br><br>v.<br><br>THE MEDALLION INSURANCE<br>AGENCIES, INC.,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>04-12627  RCL |

## AFFIDAVIT OF DEAN CARNAHAN

I, Dean Carnahan, under oath, state the following:

1. I am the attorney for Stephen D. Caiazzo, the plaintiff in this action.

2. On August 3, 2005. I attended the deposition of Attorney Collins taken by Medallion's attorneys.  At that deposition:

    a. Attorney Collins testified that he first learned of the personal injury claim against Caiazzo in December 2002 and that he sent a letter to Medallion on December 14, 2002;

    b. Attorney Collins testified that he never saw any documents relating to a disability income policy for Caiazzo; and

    c. Attorney Collins was not asked if he had any policy documents showing personal or business property coverage when Caiazzo's property was lost.

3. In July 2005, Attorney Collins produced his files relating to Caiazzo's claims against Medallion (and other claims) pursuant to a subpoena from Medallion's attorneys.  His files did not contain notes or memoranda of conversations with Caiazzo, but only correspondence, pleadings and other documents sent or received by Attorney Collins.  In the documents produced:

    a. There were no documents for 1998 and no documents until 2002 regarding the personal injury claim against Caiazzo;

PDF created with pdfFactory trial version www.pdffactory.com

b. There were no documents concerning a disability income policy for Caiazzo; and

c. There were no documents showing personal or business property coverage in effect at the date of loss or for any other dates.

Signed under the pains and penalties of perjury this 5th day of October 2005.

/s/ Dean Carnahan
Dean Carnahan

B-2274-DCAFF

PDF created with pdfFactory trial version www.pdffactory.com