UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
STEPHEN D. CAIAZZO,                     \*
                                        \*
        Plaintiff,                      \*
v.                                      \*
                                        \*   CIVIL ACTION NO. 04-12627 RCL
                                        \*
THE MEDALLION INSURANCE                 \*
AGENCIES, INC.,                         \*
        Defendant                       \*
                                        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Stephen Caiazzo ("Caiazzo"), asserts three separate claims against the defendant, The Medallion Insurance Agencies, Inc. ("Medallion"). At the close of discovery, there is no triable issue of fact as to any of these claims.

*"Disability policy" claim:* First, Caiazzo claims he requested a "disability policy" from Medallion and made a claim under said policy for a disability he suffered in 2001. Caiazzo claims Medallion failed to obtain the policy and/or failed to report his claim. The record reveals that Caiazzo never requested a disability policy, never paid for a disability policy, and did not have a disability policy in effect as of the time he allegedly became disabled. Medallion cannot be held liable for failing to obtain a policy that was never requested or for failing to report a claim on a policy that did not exist.

*Property insurance claim:* Second, Caiazzo asserts a claim for a property loss that occurred when his business, Jenna's Pub, Inc. d/b/a Scuttlebutts ("Scuttlebutts") closed during bankruptcy. Caiazzo claims there was property coverage for his corporation, Scuttlebutts at the

time of the loss. Not only does Caiazzo, individually, lack standing to pursue a claim under a policy issued to that corporation, but he is judicially estopped from doing so as the corporation filed for bankruptcy. Additionally, the record reveals that Caiazzo specifically declined personal property insurance for Scuttlebutts due to the cost of the premium. Medallion did in any event submit the claim, at Caiazzo's request, to the corporation's property insurer, which denied the claim due to lack of property coverage.

*Personal injury / liability insurance claim:* Finally, the plaintiff's claim that Medallion failed to timely report a personal injury claim lacks any evidentiary support whatsoever. Again, Caiazzo lacks standing, as an individual, to pursue a claim on a policy issued to another corporation, Donna's Pub, Inc. d/b/a Cai's Food & Spirits. Furthermore, Medallion reported the loss as soon as practicable upon notification from Caiazzo but the claim was ultimately denied - not due to late notice - but because the policy did not provide coverage for the particular claim. Thus, any delay in reporting the claim, whether due to Caiazzo (as the record indisputably reflects), or otherwise, was not the proximate cause of any uninsured loss.

## I. Statement of Legal Elements

1. Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Mass. R. Civ. P. 56(c). If the moving party demonstrates that the party who bears the burden of proof lacks sufficient evidence to establish an essential element of their claim, then the opposing party must come forth with evidence -- beyond the pleadings in the case and by affidavit, answers to interrogatories, depositions, or similar materials -- demonstrating that a genuine, disputed issue of material fact nevertheless exists, and that the evidence merits

submitting that issue to a jury. *Kourouvacilis v. General Motors Corp.*, 410 Mass. 706, 715, 575 N.E. 2d 734 (1991). If the opposing party fails to come forward with sufficient evidence to close the apparent gap in their case, then summary judgment is appropriately entered. *Id.* at 716; *see also Pederson v. Time, Inc.*, 404 Mass 14, 17, 532 N.E. 2d 1211 (1989); *Madsen v. Erwin*, 395 Mass. 715, 719, 481 N.E. 2d 1160 (1985).

2. Plaintiff is required to offer specific facts, not mere allegations, to show the existence of a dispute as to material facts. *Baldwin v. Mortimer*, 403 Mass. 142, 143-144, 526 N.E.2d 776, 777 (Mass.1988). The plaintiff cannot rely on deposition testimony that contains bare assertions and conclusions regarding [the plaintiff's] understandings, beliefs and assumptions. *Key Capital Corp. v. M & S Liquidating Corp.* 27 Mass.App.Ct. 721, *728, 542 N.E.2d 603, 607 (Mass.App.Ct. 1989). A response "must set forth specific facts showing that there is a genuine issue for trial." Mass.R.Civ.P. 56(e). *See Community Natl. Bank v. Dawes,* 369 Mass. 550, 555, 340 N.E.2d 877 (1976); *Madsen v. Erwin*, 395 Mass. 715, 721, 481 N.E.2d 1160 (1985); *Cullen Enterprises, Inc. v. Massachusetts Property Ins. Underwriting Assn.,* 399 Mass. 886, 889-892, 507 N.E.2d 717 (1987); *Dwyer v. Piccicuto,* 25 Mass.App.Ct. 910, 912, 515 N.E.2d 596 (1987). Summary judgment is appropriate where "the record is barren of any evidence supporting an inference that the harm which befell [the plaintiff] followed as a natural consequence ... of the [broker's] breach"). *Schwartz v. Travelers Indemnity Company,* 50 Mass.App.Ct. 672, 680, 740 N.E. 2d 1039 (2001) (*review denied*, 434 Mass. 1102, 751 N.E. 2d 418).

3. The materials presented by the moving party need not negate or disprove an essential element of the claim of the party on whom the burden of proof at trial will rest, but they must demonstrate that there is no reasonable expectation that proof of the elements will

3

be forthcoming at trial. *Tate v. Dept. of Mental Health*, 419 Mass. 356, 360, 645 N.E. 2d 1159 (1995). If the opposing party fails to come forward with sufficient evidence to close the apparent gap in their case, then summary judgment is appropriately entered. *Kourouvacilis,* 410 Mass. at 716; *see also Pederson v. Time, Inc.*, 404 Mass 14, 17, 532 N.E. 2d 1211 (1989); *Madsen v. Erwin*, 395 Mass. 715, 719, 481 N.E. 2d 1160 (1985).

4. As a general rule, a plaintiff may recover in tort or contract from an insurance agent who fails to procure adequate insurance coverage as requested by the insured. *See Rae v. Air-Speed, Inc.*, 386 Mass. 187, 192, 435 N.E. 2d 628 (1982); *Rayden Engineering Corp. v. Church*, 337 Mass. 652, 661-62, 151 N.E. 2d 57 (1958).

5. In order to recover for any alleged failure to procure coverage, the plaintiff must demonstrate that they requested such coverage, and that the broker undertook to procure it. *See, e.g., Quigley v. Bay State Graphics, Inc.*, 427 Mass. 455, 459-60, 693 N.E. 2d 1368 (1998); *Baldwin v. Mortimer*, 403 Mass. 142, 145 (1988); *Flattery v. Gregory*, 397 Mass. 143, 145, 489 N.E. 2d 1257 (1986). Once a request is made, the broker "is bound to use due care in the implementation of the agency, and in carrying out instructions of the principal-client." *Bicknell, Inc. v. Havlin*, 9 Mass.App.Ct. 497, 500, 402 N.E. 2d 116 (1980).

6. It is the instructions of the principal which give rise to the agent's duty, and define its nature and scope. *Rayden Engineering Corp. v. Church,* 337 Mass. 652, 662, 151 N.E.2d 57, 64 (Mass. 1958); *Flattery v. Gregory*, 397 Mass. 143, 489 N.E. 2d 1257 (1986). "The broker ordinarily has no duty, absent a request from the client or an undertaking by the broker, to obtain insurance or to renew a policy about to expire." *Construction Planners, Inc. v. Dobax Ins. Agency, Inc.*, 31 Mass.App.Ct. 672, 675, 583 N.E. 2d 255 (1991).

7. A broker or agent hired to procure insurance is obligated to exercise due care in procuring the requested coverage. *See, e.g., Hartford National Bank & Trust Co.* v. *United Truck Leasing Corp.*, 24 Mass.App.Ct. 626, 630-631, 511 N.E. 2d 637 (1987); *Construction Planners, Inc.* v. *Dobax Ins. Agency, Inc.*, 31 Mass.App.Ct. 672, 675-676, 583 N.E. 2d 255 (1991).

8. To establish a negligence claim, the plaintiff must prove that a duty of care was owed to them, that there was a breach of that duty, and that the breach of the duty proximately caused the plaintiff's damages and actual damages. *See International Mobiles Corp.* v. *Corroon & Black/Fairfield & Ellis, Inc.*, 29 Mass. App. Ct. 215, 217-18, 560 N.E. 2d 122 (1990); *Cimino v. Milford Keg, Inc.*, 385 Mass. 323, 331-32, 431 N.E. 2d 920 (1982); *Cannon v. Sears Roebuck & Co.*, 374 Mass. 739, 742, 374 N.E. 2d 582 (1978).

9. Plaintiff must show that any negligence of the defendants resulted in substantial damage to the plaintiff. *Rayden Engineering Corp. v. Church,* 337 Mass. 652, 662, 151 N.E.2d 57, 64 (Mass. 1958) (upholding directed verdict where plaintiff failed to prove causation). It is common knowledge that proof of recovery under an insurance policy requires careful attention to compliance with applicable policy provisions. *Id.* at 65.

10. In connection with filing bankruptcy, the debtor is required to provide a list of all the debtor's assets, including claims and causes of action. 11 U.S.C. 521(1), 1125(a); *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.,* 989 F.2d 570, 571 (1st Cir. 1993).

11. A debtor who obtains judicial relief in the form of bankruptcy without disclosing claims, and then later resurrects these claims to seek relief, has committed a "palpable fraud that

the court will not tolerate." *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d at 571.

12. "A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights." *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d at 571.

13. A debtor who obtains relief under the bankruptcy code "based upon representations under the pains and penalties of perjury that he had no assets other than those scheduled, is judicially estopped from asserting prepetition claim not disclosed during the bankruptcy case even though the judicial estoppel might result in a windfall to the defendant." *Jeffrey v. Desmond*, 70 F.3d 183, 186, n. 6 (1st Cir. 1995).

14. "The doctrine of judicial estoppel is an equitable doctrine that prevents a party from asserting a position in one legal proceeding that is clearly contrary to the position asserted in another, earlier legal proceeding." *Howell v. Town of Leyden*, 335 F. Supp. 2d. 248, 250 (D. Mass. 2004).

15. A plaintiff is judicially estopped from bringing a cause of action not disclosed in bankruptcy. *Howell v. Town of Leyden*, 335 F. Supp. 2d. 248, 250 (D. Mass. 2004).

16. "A cause of action is a property right which passes to the trustee in bankruptcy, even if such cause of action is not included in schedules filed with the bankruptcy court." *Brooks v. Beatty*, 25 F.3d 1037, 1994 WL 224160 (1st Cir. (Mass.)), *citing Carlock v. Pillsbury Co.*, 719 F. Supp. 791, 856 (D. Miss. 1989).

17.     Individual plaintiffs lack standing to bring suit as right passes to trustee in bankruptcy. *Brooks v. Beatty*, 25 F.3d 1037, 1994 WL 224160 (1st Cir. (Mass.)).

## II. Argument

### A. THE PLAINTIFF NEVER ASKED MEDALLION TO PROCURE A DISABILITY POLICY UPON WHICH TO ASSERT A CLAIM.

Plaintiff cannot recover against Medallion for failure to procure a disability policy when he never asked them to procure it. *See Rae v. Air-Speed, Inc.*, 386 Mass. 187, 192, 435 N.E. 2d 628 (1982) (plaintiff may recover in tort or contract from an insurance agent who fails to procure insurance coverage as requested by the insured); *Rayden Engineering Corp. v. Church*, 337 Mass. 652, 662, 151 N.E.2d 57, 64 (Mass. 1958). Further, plaintiff cannot recover against Medallion for failure to make a claim on a disability policy that never existed.

Plaintiff claimed he obtained a disability loss from Medallion for "a good many years," yet failed to produce even one document as evidence of such a policy. Statement of Facts ("SOF"), ¶5. When questioned at his deposition, Caiazzo admitted he did not have any documents to support the claim. SOF, ¶5-10. Plaintiff provided confusing, conflicting, nonsensical testimony that failed to provide sufficient support to survive summary judgment. Exhibit 1, Deposition of Caiazzo, day one, pp. 136-142; Exhibit 2, Deposition of Caiazzo, p 21. Caiazzo offered multiple, incredible, and conflicting explanations for the lack of support for his disability claim. SOF, ¶5-10. Caiazzo's former attorney, Thomas Collins, confirmed that no such policy existed upon which to make a claim. SOF, ¶11. What the evidence reveals is that Scuttlebutts had a worker's compensation policy upon which Caiazzo made a claim. SOF, ¶12. Caiazzo made a worker's compensation claim for an alleged injury suffered in August 2001.

Incredibly, at the same time the Court issued an Order that Scuttlebutts breached its lease and needed to vacate the property. SOF, ¶31. Caiazzo submitted his worker's compensation claim without the assistance or involvement of Medallion and obtained a $25,000 settlement. SOF, ¶12.

In order to recover for any alleged failure to procure coverage, Caiazzo must demonstrate that there was a request for specific coverage, and that Medallion undertook to procure it. Under Massachusetts law, an insurance broker has a duty to follow the instructions of its customer, and to use reasonable care in its undertaking. It is recognized that the broker in certain circumstances may be liable in either tort or contract if it negligently fails to obtain requested insurance. *See Rayden Engineering Corp. v. Church*, 337 Mass. 652, 661-662, 151 NE 2d 57 (1958); *Rae v. Air-Speed, Inc.*, 386 Mass. 187, 192, 435 NE 2d 628 (1982). It is an "essential" element of a plaintiff's prima facie case that there at least be a claim that the broker, i.e. Medallion, promised the plaintiff that he would procure the particular insurance (in this case, a disability insurance policy). *Id.* The plaintiff cannot rely on deposition testimony that contains bare assertions and conclusions regarding [the plaintiff's] understandings, beliefs, and assumptions. *Key Capital Corp. v. M & S Liquidating Corp.*, 27 Mass.App.Ct. 721, 728, 542 N.E.2d 603, 607 (Mass.App.Ct. 1989). The plaintiff "must set forth specific facts showing that there is a genuine issue for trial" and Caiazzo has failed to do so. Mass.R.Civ.P. 56(e). Without such evidence, there can be no liability from Medallion to the plaintiff.

Caiazzo lacks such evidence. He claims to have had disability coverage for a "good many years" yet there is no evidence to support it - no applications, no quotations, no binders, no policies, no correspondence, no invoice, and no cancelled checks. He has failed to offer any

evidence whatsoever to support his bald allegations. Caiazzo's testimony with respect to this purported disability coverage is so confused, conflicted, and devoid of documentary support that it is legally insufficient to raise a triable issue of fact against Medallion.

**B.      THE PLAINTIFF LACKS STANDING TO BRING PROPERTY LOSS CLAIM AND REGARDLESS DID NOT HAVE COVERAGE FOR PROPERTY LOSS AT THE TIME OF THE ALLEGED LOSS.**

　　　1.      <u>The plaintiff lacks standing to make a claim for business property of Scuttlebutts.</u>

Caiazzo lacks standing because he is not a named insured on the policy. Not only is he not a named insured on the policy (which does not even provide coverage for business property, see Section 3 below), any right to assert a claim passed to the bankruptcy trustee at the time Scuttlebutts filed bankruptcy. "A cause of action is a property right which passes to the trustee in bankruptcy, even if such cause of action is not included in schedules filed with the bankruptcy court." *Brooks v. Beatty*, 25 F.3d 1037, 1994 WL 224160 (1st Cir. Mass.), *citing Carlock v. Pillsbury Co.*, 719 F. Supp. 791, 856 (D. Miss. 1989). Here, Caiazzo lacks standing to bring a suit asserting a claim of Scuttlebutts, as that right passed to the trustee in bankruptcy. *Brooks v. Beatty*, 25 F.3d 1037, 1994 WL 224160 (1st Cir. Mass.). As such, Medallion is entitled to summary judgment as a matter of law regarding this claim.

　　　2.      The plaintiff is judicially estopped from asserting a claim for business property of Scuttlebutts.

Scuttlebutts filed bankruptcy in May 2001.[1] SOF, ¶24. In connection with that bankruptcy, Caiazzo filed, on behalf of the corporation and under the pains and penalties of

---

[1] Of note, Caiazzo testified that filing for bankruptcy was a "ploy" to prevent his landlord from proceeding in a lawsuit to evict Scuttlebutts. He stated that there was no financial basis for the bankruptcy.

9

perjury, a schedule of personal property and an itemization of assets, including claims. SOF, ¶¶25, 28, 29. This is a requirement of the bankruptcy code. 11 U.S.C. 521(1), 1125(a); *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.,* 989 F.2d 570, 571 (1st Cir. 1993). The scheduled personal property was sold to satisfy Scuttlebutts' creditors. SOF, ¶23. Part of Caiazzo's claim in this action is to recover on account of the loss of the property sold in bankruptcy. SOF, ¶26. Clearly such a claim is impermissible and inconsistent with the bankruptcy code.

Caiazzo also claims that additional property - not scheduled in the bankruptcy proceeding - was lost at the time Scuttlebutts closed. SOF, ¶27. Scuttlebutts obtained judicial relief from its creditors in bankruptcy, and now its principal seeks to recover for an alleged property loss that could have been used to satisfy the rights of those creditors. This is a fraud on the Court and impermissible.

A debtor who obtains judicial relief in the form of bankruptcy without disclosing claims, and then later resurrects these claims to seek relief has committed a "palpable fraud that the court will not tolerate." *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.,* 989 F.2d at 571. "A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights." *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.,* 989 F.2d at 571. Scuttlebutts, and its principal Caiazzo, cannot reap the benefits of bankruptcy and later pursue non-disclosed claims. Caiazzo is judicially estopped from asserting claims not disclosed during the bankruptcy case even though the judicial estoppel might result in a windfall to the defendant. *Howell v. Town of Leyden,* 335 F. Supp. 2d. 248, 250 (D. Mass. 2004); *Jeffrey v.*

*Desmond*, 70 F.3d 183, 186, n. 6 (1st Cir. 1995). "The doctrine of judicial estoppel is an equitable doctrine that prevents a party from asserting a position in one legal proceeding that is clearly contrary to the position asserted in another, earlier legal proceeding." *Howell v. Town of Leyden*, 335 F. Supp. 2d. 248, 250 (D. Mass. 2004). Here, Caiazzo made representations, under the pains and penalties of perjury, regarding his assets and claims - without mention of the assets at the time they were in his possession or the claim once they were gone. Fraud on the Court of this kind cannot be tolerated. *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d at 571. Summary Judgment is warranted with attorney's fees and costs.

    3.    <u>Caiazzo declined coverage for business property</u>.

Even if Caiazzo had standing and was not judicially estopped from pursuing this claim, he cannot establish the existence of business property coverage at the time of the loss. The coverage did not exist at the time of the loss because he declined such coverage. Per his instructions to Medallion, Caiazzo did not have business property insurance for Scuttlebutts, due to the cost of the premium. SOF, ¶15, 17, 18, 20.

Medallion owed its client a duty to proceed in accordance with his instructions. *Quigley v. Bay State Graphics, Inc.*, 427 Mass. 455, 460, 693 N.E.2d 1368, 1372 (Mass.,1998), *quoting Rayden Engineering Corp. v. Church*, 337 Mass. 652, 660, 151 N.E.2d 57 (1958); *see also Mangiacotti v. United States Liability Ins. Co.*, 61 Mass.App.Ct. 1124 (2004) (summary judgment for agency affirmed where agency procured type of policy requested by plaintiff, and plaintiff could not prove a reasonable insurance agent would have inferred from plaintiff's statements or circumstances that he needed a different type of policy); *Sutherland*, 897 F.2d 593 (1st Cir. 1990) (summary judgment for insurer affirmed where insured had ten days to examine

11

policy and ask questions, and failed to do so). The undisputed evidence shows that Medallion fulfilled that duty.

Caiazzo's declination of property coverage is documented as set-forth in the Statement of Undisputed Facts. Medallion originally quoted a package policy, to include property coverage, to Caiazzo in January 2001. SOF, ¶14. The quote for the package (including property) was $7,833. SOF, Exhibit 7. Caiazzo declined that coverage on the basis that the premium was too high. SOF, ¶15. Medallion obtained a new quote in which the property coverage was deleted. SOF, ¶17. That quote was $3,205. SOF, Exhibit 9. Caiazzo agreed to that quote. Exhibit 1, Deposition of Caiazzo, pg. 214. That policy was ordered accordingly, together with other policies, to be effective March 22, 2001. All of the documentation clearly set forth Scuttlebutts' coverage as of the March 22, 2001 renewal - and those coverages did not include business property. SOF, ¶19-21. The signed finance agreement for Caiazzo's policy - which he admits includes all of his policies - does not reflect business property insurance coverage. SOF, ¶20. The finance agreement reveals that Caiazzo obtained general liability, liquor liability and worker's compensation insurance only. SOF, ¶20. Caiazzo received his policies in advance of the alleged loss and acknowledges that he read them. SOF, ¶21.

Caiazzo cannot dispute these facts. His failure to read or appreciate the policy - a policy he specifically requested - is inexcusable and does not give rise to a valid cause of action. The undisputed evidence does not raise a triable issue of fact against Medallion.

    4.      Caiazzo cannot make a claim for his individual personal property under a policy of insurance for his corporation, Scuttlebutts.

Caiazzo also claimed the property at Scuttlebutts was his "personal" property. SOF, ¶35, 36. Caiazzo cannot maintain a personal property claim under a policy of insurance issued for the corporation and in the name of the corporation. Assuming he requested business property coverage, which is not supported by the evidence, it would <u>not</u> provide coverage for personal property of an individual. SOF, ¶21. Caiazzo's claim for personal property would be against Caiazzo's personal home owner's policy, which he could not state whether existed. Exhibit 1, Deposition of Caiazzo, day one, pp. 191-192. In any event, it would not be a viable claim under Scuttlebutts' property insurance - if that insurance even existed at the time of the loss.

In sum, the property allegedly lost was either the property of Scuttlebutts or Caiazzo. The claim fails either way. A property claim of Scuttlebutts cannot survive summary judgment because Caiazzo lacks standing, is judicially estopped from asserting such a claim and the coverage was declined. If it is Caiazzo's personal property, it would not be covered under a policy of insurance issued to Scuttlebutts.

**C.    PLAINTIFF LACKS STANDING AND FAILS TO ESTABLISH THAT MEDALLION BREACHED A DUTY WHEN IT SUBMITTED THE PERSONAL INJURY CLAIM AND THAT ANY ALLEGED BREACH CAUSED THE COVERAGE DENIAL.**

    1.      Caiazzo lacks standing to bring a claim against Medallion for allegedly failing to submit a claim on behalf of Donna's Pub d/b/a Cai's Food & Spirits.

This suit was brought by Caiazzo, individually. The named insured is Donna's Pub d/b/a Cai's Food & Spirits. SOF, ¶39. The underlying claim was a liability claim by Cuttichia against the corporation. SOF, ¶39. However, that original claim is not the claim which is the subject of

the instant claim against Medallion. Caiazzo is now seeking recovery and reimbursement for his personal liability, after Cuttichia pierced the corporate veil. SOF, ¶42, 43, 44, 45. Caiazzo may not recover such personal liability damages from Medallion, unless he first comes forward with evidence that the subject liability coverage - which applied to the liability of the corporation - would have covered Caiazzo's personal liability after the corporation sustained a default judgment for failing to appear, and defends the prior action in the District Court. Caiazzo has produced no such evidence, nor could he. Without such evidence, the plaintiff cannot prove that Medallion proximately caused him to sustain any uninsured loss. Plaintiff must show that any negligence of the defendant resulted in substantial damage to the plaintiff. *Rayden Engineering Corp. v. Church,* 337 Mass. 652, 662, 151 N.E.2d 57, 64 (Mass. 1958) (upholding directed verdict where plaintiff failed to prove causation). The liability coverage afforded to the corporation did not and would not ever extend to the personal liability of a corporate principal who, in effect, defaulted on his obligations to the corporation.[2] As such, Medallion is entitled to summary judgment as a matter of law regarding this claim.

2. Any delay in reporting the loss did not proximately cause harm to Donna's Pub d/b/a Cai's Food & Spirits because the claim was denied for lack of coverage.

Pacific Insurance Company denied coverage for the claim because there was no coverage for the subject loss under the policy - - not because of late notice. SOF, ¶54, 55. The plaintiff claims he reported the personal injury claim of Joseph Cuttichia to Medallion and Medallion failed to submit it to the carrier causing the uninsured loss to Caiazzo by virtue, in effect, of a denial based on late notice. Complaint, ¶6. Caiazzo failed to report the claim to Medallion until

---

[2] Judge Kottmyer specifically noted that Caiazzo failed to appear despite notices. SOF, ¶43.

two executions had been issued and a real estate attachment stalled the sale of his home. SOF, ¶38-45. At that time, Caiazzo reported the claim to Medallion and Medallion reported it to the carrier. SOF, ¶46. The carrier ultimately denied the claim after finding there was no coverage for the loss. There is no allegation, nor any evidence, that Medallion should have procured coverage for the type of loss claimed and should be held liable for an uninsured loss to Caiazzo due to this denial. Although the evidence supports that Medallion promptly filed the claim, the ultimate reason for the denial was that the claim was not covered under the policy. SOF, ¶54. Summary judgment is appropriate as the plaintiff failed to establish any triable issue of fact relative to this claim.

### III. Conclusion

For the forgoing reasoning, the defendant respectfully requests that this honorable court ALLOW defendant's motion for summary judgment on all counts.

THE MEDALLION INSURANCE AGENCIES, INC.

By its attorneys,

 /s/ Kerry D. Florio
William D. Chapman, BBO# 551261
Kerry D. Florio, BBO# 647489
MELICK, PORTER AND SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200
kflorio@melicklaw.com

Dated: March 3, 2006

## CERTIFICATE OF SERVICE

I, Kerry D. Florio, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ Kerry D. Florio
Kerry D. Florio

Date: March 3, 2006