UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN D. CAIAZZO,<br>     Plaintiff<br><br>v.<br><br>THE MEDALLION INSURANCE<br>AGENCIES, INC.,<br>     Defendant | CIVIL ACTION NO.<br>04-12627 RCL |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, Stephen D. Caiazzo ("Caiazzo") asserts three separate claims against the defendant, The Medallion Insurance Agencies, Inc. ("Medallion"). At the close of discovery, there remain genuine disputes as to material facts, rendering summary judgment inappropriate.

*"Disability Income Policy" claim:* The record reveals that Caiazzo requested a disability income policy from Medallion and made a claim under the policy for a disability he suffered in 2001. The record also shows that a disability policy was in effect in 2001. Medallion claims that there was no such policy in existence, but if this is so, it is only because Medallion failed to obtain a disability income policy for Caiazzo after he requested such a policy.

*Property insurance claim:* Caiazzo asserts a claim for personal property lost when his business, Jenna's Pub, Inc. d/b/a Scuttlebutts ("Scuttlebutts") closed during corporate bankruptcy proceedings of Jenna's Pub, Inc. The record shows that there was property insurance in effect or that Medallion failed to obtain property coverage for Scuttlebutts after Caiazzo had requested such coverage. Caiazzo has standing to bring this claim because he seeks recovery for his

PDF created with pdfFactory trial version www.pdffactory.com

individual personal property and for property he purchased from the bankruptcy trustee.  The loss of such property, since it was in the premises of Scuttlebutts, would be covered under a property policy.

*Personal injury/liability insurance claim:*   The records shows that an individual by the name of Cuttichia claimed that he was injured in Caiazzo's corporate bar, Cais' Food & Spirits.  Caiazzo reported this claim to Medallion when he received a letter from Cuttichia's attorney before suit was filed.  Caiazzo did not receive notices from the court or from Cuttichia's attorney and was unaware that defaults, assessments of damages and judgments had be issued against his corporation, Donna's Pub, Inc., and then against him individually until just before an execution was issued against him and a lien was placed on his individual real estate.  The record shows that Medallion failed to report the claim when Caiazzo first notified Medallion of the claim and that when Medallion finally submitted the claim, they submitted it to the incorrect insurance carrier.

### I. Statement of Legal Elements

1.      If the summary judgment evidence presented is of conflicting interpretation, or if reasonable minds could differ as to its significance, summary judgment must not be granted. O'Connor v. Chicago Transit Auth., 985 F.2d 1362, 1366 (7th Cir. 1993).  The Court must view the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party.  Sample v. Aldi, 61 F. 3d 544, 546 (7th Cir. 1995).

2.      As a general rule, a plaintiff may recover in tort or contract from an insurance agent who fails to procure adequate coverage as requested by the insured.  *See* Rae v. Air-Speed, Inc., 386 Mass. 187, 192, 693 N.E. 2d 1368 (1998); Rayden Engineering Corp. v. Church, 337 Mass. 652, 661-662, 151 N.E. 2d 57 (1958).

3.      Once a request is made, the broker "is bound to use due care in the implementation of the

2

PDF created with pdfFactory trial version www.pdffactory.com

agency and in carrying out instructions of the principal-client." Bicknell, Inc. v. Havlin, 9 Mass. App. Ct. 497, 500, 402 N.E. 2d 116 (1980).

4.  It is the instructions of the principal which give rise to the agent's duty, and define its nature and scope. Rayden Engineering Corp. v. Church, 337 Mass. 652, 662, 151 N.E. 2d 57, 64 (1958); Flattery v. Gregory, 397 Mass. 143, 489 N.E. 2d 1257 (1986). "The broker ordinarily has no duty, absent a request from the client or an undertaking by the broker, to obtain insurance or to renew a policy about to expire." Construction Planners, Inc. v. Dobax Ins. Agency, 31 Mass. App. Ct. 672, 675, 583 N.E. 2d 255 (1991).

5.  A broker or agent hired to procure insurance is obligated to exercise due care in procuring the requested coverage. *See, e.g.* Hartford National Bank & Trust co. v. United Truck Leasing Corp., 24 Mass. App. Ct. 626, 630-631, 511 N.E. 2d 637 (1987); Construction Planners, Inc. v. Dobax Ins. Agency, Inc., 31 Mass App. Ct. 672, 675-676, 583 N.E. 2d 255 (1991).

8.  To establish a negligence claim, the plaintiff must prove that a duty of care was owed them, that there was a breach of that duty, and that the breach of the duty proximately caused the plaintiff's damages and actual damages. *See* International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 217-218, 560 N.E. 2d 122 (1990); Cimino v. Milford Keg, Inc., 385 Mass. 323, 331-332, 431 N.E. 2d 920 (1982); Cannon v. Sears Roebuck & Co., 374 Mass. 739, 741, 374 N.E. 2d 582 (1978).

## II. Argument

**A.    CAIAZZO ASKED MEDALLION TO PROCURE A DISABILITY INCOME POLICY FOR HIM AND MEDALLION FAILED TO DO SO.**

Caiazzo claims that he had a disability income policy in effect when he became disabled in August 2001. John D'Addario of Medallion came to Caiazzo's restaurant/bar and went over Caiazzo's income figures to complete the amount of coverage. Defendant's Exh. No.5,

3

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff's Interrogatory Answers, Answer No. 7. Caiazzo had to submit tax returns to establish his income. When Caiazzo reinjured his knee in August 2001, he called John D'Addario of Medallion regarding his disability policy. Mr. D'Addario told Caiazzo that he did not have a policy. Caiazzo insisted that he did. Mr. D'Addario then told Caiazzo that he would look into the archives. After this, D'Addario would not return Caiazzo's telephone calls. Id.

A plaintiff may recover in tort or contract from an insurance agent who failed to procure insurance coverage as requested by the insured. Rae v. Air-Speed, Inc., 386 Mass. 187, 192, 435 N.E.2d 628 (1982). The record, taken in the light most favorable to Caiazzo, indicates that Caiazzo requested a disability income policy from Medallion and that Medallion failed to procure such a policy for Caiazzo.

Medallion argues that Caiazzo could not produce even one document as evidence of such a policy. However, Exhibit 1, attached to Plaintiff's Response to Defendant's Statement of Facts, shows that Caiazzo had business income (disability income) coverage in effect from February 19, 2000 to February 19, 2001. Caiazzo requested such a policy for the following policy year and reasonably believed he had the coverage when he was injured in August 2001 and attempted to make a claim with Medallion. If Caiazzo did not have disability income in effect in August 2001, it was because Medallion had failed to procure a disability income policy for Caiazzo.

Caiazzo does not have documentation showing a disability income policy in effect in August 2001. However, his insurance policies and other personal property was lost in September, 2001 when third parties removed this property from Scuttlebutts after it had been closed and locked. PSOF, No. 9.[1] Medallion asserts that Caiazzo declined property coverage for his insurance package starting in March 2001. However, Caiazzo did have disability income

---

[1] "PSOF" refers to Plaintiff's Response to Defendant's Statement of Facts, filed herewith.

4

PDF created with pdfFactory trial version www.pdffactory.com

coverage for the previous policy year and Medallion does not argue that Caiazzo declined this coverage for the following year due to cost.

Medallion argues that Caiazzo's former attorney, Thomas Collins, confirmed that no such policy existed upon which to make a claim. However, Caiazzo testified that he saw a cover page for a disability policy in Attorney Collins' office in 2002. PSOF, No. 5. At his deposition, Attorney Collins said that he did not see a disability policy for Caiazzo. However, Caiazzo filed a claim with the Board of Bar Overseers and has filed suit against Attorney Collins for legal malpractice. No one would believe that Attorney Collins would admit his mistake of failing to file a claim for Caiazzo after seeing the cover sheet for a disability policy. Such an admission by Attorney Collins would expose him to liability in the malpractice suit against him. Plaintiff's Exhibit 2, par. 3. At his deposition, Attorney Collins said he investigated whether a disability policy existed for Caiazzo and concluded that there was no policy in existence. However, Attorney Collins' "investigation" consisted of letters to two worker's compensation carriers inquiring if Caiazzo had a disability insurance policy through them. Id. par. 2. This was an inadequate investigation, since Caiazzo's disability income policy would not necessarily be issued by a worker's compensation carrier. Caiazzo's policy from February 2002 to February 2001 was in a package with his general liability and liquor liability policies, as shown by Exhibit 1, attached to Plaintiff's Response to Defendant's Statement of Undisputed Facts.

Caiazzo's evidence regarding this disability income coverage is sufficient to establish a *prima facie* case against Medallion on the grounds that a disability policy was in effect in August 2001 or that Medallion failed to procure such a policy for Caiazzo after he had requested a disability income policy.

5

PDF created with pdfFactory trial version www.pdffactory.com

### B.    CAIAZZO HAS STANDING TO BRING HIS PROPERTY LOSS CLAIM AND EITHER HAD PROPERTY COVERAGE OR DID NOT HAVE IT BECAUSE MEDALLION FAILED TO PROCURE SUCH COVERAGE.

Caiazzo has standing to bring a claim for the loss of his property since the claims is for loss of his own personal property and for personal property he purchased from the bankruptcy trustee. Therefore, all of Medallion's arguments about bankruptcy duties and bankruptcy law are irrelevant. Caiazzo did not have to report his individually owned personal property in the corporate bankruptcy proceeding. The other personal property that is part of his claim was purchased by him from the bankruptcy trustee.

Caiazzo requested property coverage from Medallion. Defendant's Exhibit 7 shows Medallion's request for a quote for a package policy, including property coverage. Defendant's Exhibit 8 shows a later request for a quote "with and without liquor." This shows that Caiazzo was attempting to reduce his overall premium by considering a package without liquor liability coverage. Caiazzo testified that he also discussed reducing the total premium by reducing the coverage for liquor liability from $1M to $500,000.00 and by eliminating coverage for business interruption. PSOF, No. 18. Thus, Caiazzo intended to obtain coverage and instructed Medallion to preserve his property coverage, by reducing or eliminating other parts of his coverage package.

Medallion argues that Caiazzo lacks standing to make a claim because he is not a named insured on the policy. However, Caiazzo's personal property, both his own personal property and the property he purchased from the bankruptcy trustee, would be covered under a property policy since such a policy provides coverage for property of others for property located within the premises. *See* Exhibt 4, attached to Plaintiff's Response to Defendant's Statement of Facts. Medallion argues that Caiazzo declined property coverage due to the cost of the premium. The

6

PDF created with pdfFactory trial version www.pdffactory.com

evidence shows that Caiazzo did not decline property coverage. Instead, he attempted to reduce the total premium by considering the cancellation of liquor liability, by reducing the amount of liquor liability coverage from $1M to $500.000.00 and by eliminating coverage for business interruption. These are the instructions Caiazzo gave to Medallion in order to reduce his total premium and in order to retain his property coverage.

The financing agreement set forth in Defendant's Exhibit 11 was only for general liability, liquor liability and worker's compensation. However, property coverage could have been a rider to one of the other coverages or could have paid for or financed on a different date.

In summary, the evidence, taken in the light most favorable to Caiazzo, shows that his corporation had property coverage which provided coverage for the loss of Caiazzo's personal property, or that he did not have property coverage, because Medallion failed to procure it for Caiazzo's corporation.

## C. CAIAZZO REPORTED THE PERSONAL INJURY CLAIM TO MEDALLION BEFORE SUIT WAS FILED AND MEDALLION FAILED TO REPORT THE CLAIM TO THE APPLICABLE CARRIER.

Medallion argues that Caiazzo lacks standing to bring his claim because the named insured is Donna's Pub d/b/a Cai's Food & Spirits and that the personal injury claim was against that corporation. However, Caiazzo notified Medallion of the claim before suit was filed. PSOF, No. 40. If the proper insurance company had been notified at that time, an attorney appointed by the insurance company would have defended the claim against the corporation and paid any damages awarded. In addition, the general liability policy proved coverage to Caiazzo, since he was an executive officer and a stockholder. *See* Defendant's Exhibit 12, page 7 of 13 of CG 00 01 0196.

7

PDF created with pdfFactory trial version www.pdffactory.com

Since Medallion failed to report the claim to the applicable carrier, the Cuttichia claim was amended to include Caiazzo himself as a named defendant, by piercing the corporate veil. Again, if Medallion had reported the claim to the applicable insurance company, the appointed attorney could have prevented the piercing of the corporate veil. However, since no attorney appeared for the corporation of Caiazzo in the lawsuit and since Caiazzo failed to receive notice of the court proceedings after suit was filed, a lien was placed on Caiazzo's individually owned real estate. Caiazzo was forced to pay $35,000.00 to Cuttichia when the real estate was sold. PSOF, No. 44. This payment or loss was the direct, proximate result of Medallion's failure to report the claim when Caiazzo gave Medallion the letter from Cuttichia's attorney before suit was filed. Thus, Ciaizzo has standing to bring his claim.

Medallion argues that any delay in reporting the claim did not proximately cause harm to Caiazzo since the liquor liability carrier denied coverage for the claim because of no coverage for the subject loss, and not because of late notice. However, when Medallion finally submitted the claim, it submitted it to the wrong carrier. There was no coverage with the liquor liability carrier since Cuttichia's complaint only alleged negligence, and not the sale or use of alcoholic beverages. Thus, Medallion should have submitted the claim to the general liability carrier. If Medallion had reported the claim to the incorrect carrier before suit was filed, when Caiazzo notified Medallion of the claim, the correct carrier could have been determined quickly and would have provided a defense and paid any damages awarded.

The evidence shows that Caiazzo received a letter from Cuttichia's attorney before suit was filed. Caiazzo called John D'Addario of Medallion who came to Caiazzo's bar/restaurant and picked up the letter. Caiazzo had been a bar owner sine 1982 and was fully aware of his obligation to report any claim to his insurance agent. No one would believer that Caiazzo would

8

PDF created with pdfFactory trial version www.pdffactory.com

have ignored the proceedings against his corporation and against him individually which resulted in a lien of his individual property. Since Ciaizzo did not receive notice of the court proceedings after suit was filed, he believed that Cuttichia had moved to Canada or dropped his claim.

In summary, the evidence most favorable to Caiazzo shows that Medallion failed to report the personal injury claim of Cuttichis to the applicable insurance company when Caiazzo notified Medallion of the claim before suit was filed. The evidence also shows that Medallion's actions proximately caused damage and harm to Caiazzo individually.

### III.  Conclusion

For the foregoing reasons, Caiazzo respectfully requests this Court to deny defendant's motion for summary judgment.

By Plaintiff's Attorney,

/s/ Dean Carnahan
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474
(781) 641-2825
Dated: April 3, 2004                    ddcarnahan@rcn.com

9

PDF created with pdfFactory trial version www.pdffactory.com

CERTIFICATE OF SERVICE

    I, Dean Carnahan, hereby certify that on this day I served this pleading on defendant by filing through the ECF system which will send the pleading electronically to Kerry D. Florio, Attorney for the Defendant.


Date:  April 3, 2006　　　　　　　　　　　　/s/ Dean Carnahan_____
　　　　　　　　　　　　　　　　　　　　　　DEAN CARNAHAN


B-2274-OM2

PDF created with pdfFactory trial version www.pdffactory.com