UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN D. CAIAZZO,<br>　　　Plaintiff<br><br>v.<br><br>THE MEDALLION INSURANCE<br>AGENCIES, INC.,<br>　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>04-12627  RCL |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR RELIEF FROM SUMMARY JUDGMENT ON HIS CLAIM FOR PROPERTY LOSS

The plaintiff, Stephen D. Caiazzo ("Caiazzo"), have filed a motion for relief from the Court's ruling on September 18, 2006, granting summary judgment for the defendant, The Medallion Insurance Agencies, Inc. ("Medallion") on Caiazzo's claim for loss of his personal property.

In Count III of his Complaint, the plaintiff, Stephen D. Caiazzo ("Caiazzo"), makes a claim for loss of his personal property from premises known as Scuttlebutts in Salem, Massachusetts.  Caiazzo alleges that some of his personal property was removed from the premises by others, who sold, transferred or destroyed this personal property.  He alleges that he reported this loss to Medallion, who negligently failed to report his claim to the applicable insurance company.[1]

---

[1]  When Caiazzo filed his Complaint, he believed that he had property coverage from Medallion.  From Medallion's Answer, during discovery and in the summary judgment materials, Medallion claims that Caiazzo cancelled his property coverage and that he cannot recover for this loss for other reasons and Caiazzo claim that he requested this coverage from Medallion.  Thus, the theories and facts presented by the parties include the failure to procure

PDF created with pdfFactory trial version www.pdffactory.com

Caiazzo seeks to recover for his own personal property and for corporation property he purchased from the corporate bankruptcy trustee on November 28, 2001. Plaintiff's Response to Defendant's Statement of Facts, No. 27 and Exhibit 3, attached to Plaintiff's Response to Defendant's Statement of Facts.

The Court granted summary judgment for Medallion on this claim, stating that Caiazzo would have had to obtain his own policy to provide coverage for these losses and that any claim or recovery for the loss would be an asset of the corporate bankruptcy trustee.

The Court's ruling was based in part on defense counsel's assertion that the loss occurred on September 1, 2001 or in sometime in September 2001. This was a misrepresentation to the Court and the date of loss does not appear anywhere in the summary judgment materials.[2] Medallion did not argue that the date of loss was September 1, 2001 or sometime in September 2001 in its summary judgment materials. This issue came up for the first time at oral argument on Medallion's motion for summary judgment.

The date of loss is crucial since Caiazzo purchased the corporate property from the corporate bankruptcy trustee on November 28, 2001. Whether the loss occurred before or after this date is important since it determined whether Caiazzo's claim for the corporate property he purchased is valid.

Filed herewith is an Affidavit of Stephen D. Caiazzo with two documents attached. This affidavit and the attached documents show that Caiazzo removed some of the personal property

---

coverage. F.R.Civ. P., Rule 15(b) allows this evidence and claim to be considered by the Court and to be pursued at the summary judgment level and at trial.

[2] The Court's reliance on defense counsel's assertion of the date of the loss violated F.R.Civ.P., Rule 56(c) which mandates a judgment based upon the summary judgment materials. At the motion hearing, Caiazzo's counsel stated that the loss occurred in December 2001, but this statement was disregarded by the Court. The motion hearing regarding the date of loss brought Rule 56(f) into play when it became apparent that Caiazzo could not present by affidavit facts essential to justify his opposition. This rule states that the Court may refuse the application for judgment or order a continuance to allow affidavits to be obtained or may make such other order as is just. Also, see footnote 3.

2

PDF created with pdfFactory trial version www.pdffactory.com

on December 3, 2001 and that the rest of the property was removed by third parties without the knowledge of Caiazzo on December 7 and 12, 2001 and on January 7-10, 2002.[3]

Therefore, at the time of the loss, all of the personal property belonged to Caiazzo since the loss occurred after Caiazzo purchased the corporate property from the corporate bankruptcy trustee. Thus, the Court's ruling that the claim or any recovery would be the property of the bankruptcy trustee is, respectfully suggested, clearly erroneous.

The Court also based its ruling allowing Medallion's motion for summary judgment on this claim on the grounds that Caiazzo would have had to obtain his own insurance to provide coverage for his personal property. However, this finding or ruling by the Court was erroneous since Caiazzo's personal property was covered under the corporation's property coverage. Exhibit 4 to Plaintiff's Response to Defendant's Statement of Facts is a special multi-peril policy, special personal property form, which states in <u>Part I. Property Coverage</u> that the insurance shall cover property of others while in the buildings. Caiazzo, as the owner of this personal property on the premises, would be such "other" owner with property in the premises. In the Affidavit of Stephen D. Caiazzo, filed herewith, he states that the property policy provisions, attached as Exhibit 4 to Plaintiff's Response to Defendant's Statement of Facts, are part of the insurance documents he had in his home for the property insurance his corporation had for the previous year (February 19, 2000 to February 18, 2001. <u>See</u> Exhibit 1 attached to Plaintiff's Response to Defendant's Statement of Facts. In his affidavit, Caiazzo also states that he requested the same property coverage for the following year and that the corporation had such property coverage in previous years.

---

[3] Caiazzo testified at this deposition that he was not sure of the dates, but recalled removing some of the property in October 2001 and learning of his loss in November 2001. Defendant's Exhibit 1B, pp. 193, 197. However, Caiazzo's faulty memory of the dates is not controlling since the documents attached to his affidavit, filed herewith, show the actual dates.

3

PDF created with pdfFactory trial version www.pdffactory.com

Thus, there was no need for Caiazzo to obtain his own policy to cover his personal property, since the property in question was covered by the corporate policy.

Caiazzo, in his summary judgment materials, stated that he requested property coverage for the year in questions and that he reduced the coverage of liquor liability from $1M to $500,000.00 and eliminated the coverage for business interruption in order to reduce the total premium and retain the personal property coverage. See Affidavit of Stephen D. Caiazzo, attached hereto, and Plaintiff's Response to Defendant's Statement of Facts, Nos. 16, 17 and 20.

The ruling of the Court on Caiazzo's personal property claim was erroneous since all of the personal property was owned by Caiazzo individually and was not part of the corporate bankruptcy estate at the time of the loss. The time of the loss was after Caiazzo had purchased the corporate property from the bankruptcy trustee.

Caiazzo is entitled to relief under Rule 60(b)(3) since Medallion's counsel misrepresented the date of the loss when he informed the Court that the date of loss was September 1, 2001 or in September 2001. Caiazzo is also entitled to relief pursuant to Rule 60(b)(1) on the basis of excusable neglect, since Caiazzo could not have realized the need to provide to exact date of loss since it was not argued or mentioned in the summary judgment materials. The date of loss only came up at oral argument on the summary judgment motion. The Court should have used the provisions of Rule 56(f) to allow Caiazzo to submit the date of loss by an affidavit or with documentation. In addition, Caiazzo is entitled to relief under Rule 60(b)(6) since this memorandum and the Affidavit of Stephen D. Caiazzo, filed herewith, shows that justice would be denied and an abuse of justice would result if Caiazzo were not allowed to pursue his legitimate claim against Medallion for his personal property loss.

4

PDF created with pdfFactory trial version www.pdffactory.com

Based on the foregoing, the Court should vacate its ruling on Count III of the Complaint (personal property claim) and allow this claim to be pursued at trial.

By Plaintiff's Attorney,

/s/ Dean Carnahan
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474
Dated:  September 29, 2006        (781) 641-2825

B-2274-MIS

5

PDF created with pdfFactory trial version www.pdffactory.com