UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                           \*

STEPHEN D. CAIAZZO,              \*

         \*

         Plaintiff,            \*

v.                            \*

         \*     CIVIL ACTION NO. 04-12627  RCL

THE MEDALLION INSURANCE        \*

AGENCIES, INC.,                 \*

         Defendant            \*

         \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION FOR SANCTIONS

The defendant, Medallion Insurance Agencies, Inc., hereby moves for an award of

sanctions as a result of having to respond to the plaintiff's Motion for Relief from Summary

Judgment dated 9-29-06.

In support hereof, the plaintiff's motion is frivolous.  It is based upon either deliberate

misstatements of fact, or new statements of fact which should have been produced long before

summary judgment.  For the reasons outlined in the accompanying Opposition to plaintiff's Rule

60(b) motion, the plaintiff's motion must be denied, and Medallion should recover sanctions.

See, *Roger Edwards, LLC v. Fiddes & Son Ltd.,* 437 F.3d 140 (1st Cir. 2006) (affirming denial of

plaintiff's Rule 60(b) motion which was based on defendant's alleged misrepresentation / fraud,

and upholding award of sanctions against plaintiff).  Sanctions are particularly appropriate in this

case, insofar as the defendant specifically notified the plaintiff, by letter dated March 16, 2006,

that it would seek sanctions if the plaintiff proceeded with this claim.  (Exhibit A, letter 3-16-06).

 Not only did the plaintiff proceed with this claim, he then lost on the exact argument which

defense counsel telegraphed to him seven months ago, and he is now trying to re-characterize and

reinvent the claim in order to avoid the judgment which has been entered against him on Count III.

In further support, the defendant incorporates the facts and law contained in its accompanying Opposition to plaintiff's Rule 60(b) motion, as well as its Motion to Strike.

WHEREFORE, the defendant Medallion prays that its motion for sanctions be allowed and that sanctions be imposed on the plaintiff, in a kind and/or amount in the court's discretion.

THE MEDALLION INSURANCE AGENCIES, INC.
By its attorneys,


/s/ William D. Chapman
William D. Chapman, BBO# 551261
MELICK, PORTER AND SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200


### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.


/s/ William D. Chapman


Dated: October 3, 2006

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Two Richmond Square - Suite 104
Providence, Rhode Island 02906
(401) 941-0909
Fax (401) 941-6269

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Carly K. Wee *(NY)
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
John E. DeWick
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Paul T. Tetrault
Jessica M. Farrelly *(FL)
Stephen D. Eldridge

Of Counsel
Thomas W. Porter, Jr.

*Also Admitted

March 16, 2006

Dean Carnahan, Esq.
126 Broadway
Arlington, MA 02474

Re:    STEPHEN D. CAIAZZO
       vs. THE MEDALLION INSURANCE AGENCIES, INC.
       No.    1:04 cv 12627 RCL

Dear Mr. Carnahan:

We are writing to provide you an opportunity to voluntarily dismiss this action without facing Rule 11 sanctions against you and your client for knowingly filing frivolous claims in violation of Fed. R. Civ. P. 11(b). As set forth in our Motion for Summary Judgment, it is clear from the discovery obtained that all three claims are entirely frivolous and potentially fraudulent, in that they lack standing and any evidentiary support.

First, Stephen Caiazzo ("Caiazzo") claims he requested a "disability policy" from Medallion and made a claim under said policy for a disability he suffered in 2001. Caiazzo claims Medallion failed to obtain the policy and/or failed to report his claim. The record reveals that Caiazzo never requested a disability policy, never paid for a disability policy, and did not have a disability policy in effect as of the time he allegedly became disabled. Caiazzo cannot hold Medallion liable for failing to obtain a policy that was never requested.

Second, Caiazzo asserts a claim for a property loss that occurred when his business, Jenna's Pub, Inc. d/b/a Scuttlebutts ("Scuttlebutts") closed, involuntarily, during bankruptcy as a result of breaching his lease. Caiazzo claims there was property coverage for his corporation, Scuttlebutts at the time of the loss. Not only does Caiazzo, individually, lack standing to pursue a claim under a policy issued to that corporation, but he is judicially estopped from doing so as the corporation filed for bankruptcy. Any right to assert such a claim passed to the bankruptcy trustee. Additionally, the record reveals that Caiazzo specifically declined personal property insurance for Scuttlebutts due to the cost of the premium. Medallion did in any event submit the claim, at Caiazzo's request, to the corporation's property insurer, which denied the claim due to lack of property coverage. There is absolutely no good faith basis to pursue this claim.

MELICK, PORTER & SHEA, LLP

Dean Carnahan, Esq.
March 16, 2006
Page 2.

Finally, Caiazzo's claim that Medallion failed to timely report a personal injury claim lacks any evidentiary support whatsoever. Again, Caiazzo lacks standing, as an individual, to pursue a claim on a policy issued to another corporation, Donna's Pub, Inc. d/b/a Cai's Food & Spirits. The debt was paid by Caiazzo, individually, after Cuttichia pierced the corporate veil. The insurer for Cai's cannot be held responsible for such debt. Furthermore, Medallion reported the loss as soon as practicable upon notification from Caiazzo but the claim was ultimately denied - not due to late notice - but because the policy did not provide coverage for the particular claim. Thus, any delay in reporting the claim, whether due to Caiazzo (as the record indisputably reflects), or otherwise, was not the proximate cause of any uninsured loss.

We respectfully request that you dismiss these claims. Please understand that we will be forced to seek sanctions under Rule 11 against both you and your client if you continue to pursue these meritless and potentially fraudulent claims.

If you would like to discuss this matter, please feel free to contact us.

Very truly yours,

William D. Chapman
Kerry D. Florio

WDC/KDF/klc