UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                *
STEPHEN D. CAIAZZO,             *
                                *
        Plaintiff,              *
v.                              *
                                *   CIVIL ACTION NO. 04-12627 RCL
                                *
THE MEDALLION INSURANCE         *
AGENCIES, INC.,                 *
        Defendant               *
                                *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## **DEFENDANT'S MOTION TO STRIKE**

The defendant, Medallion Insurance Agencies, Inc., hereby moves to strike the Affidavit of the plaintiff, Stephen Caiazzo, dated 9-26-06 and the attached Exhibits A and B which accompanied that affidavit, as attached to the plaintiff's Motion for Relief from Summary Judgment dated 9-29-06.

In support hereof, the subject Affidavit and attachments contain new, previously-undisclosed information which is significantly at odds with the summary judgment record. Neither the information in the affidavit nor the supporting documents were produced to the defendant before the summary judgment hearing. The information and documents were known or knowable prior to summary judgment, and could have and should have been produced to the defendant before summary judgment. Plaintiff has come forward with nothing that justifies this post-last minute revelatory information. Plaintiff does not even attempt to do so. The information and documents are significantly at odds with the plaintiff's earlier statements under oath and other aspects of the summary judgment record in this case. Further, the documents attached do not stand for the propositions asserted by the plaintiff, and are otherwise irrelevant.

In Massachusetts, a plaintiff is not allowed to avoid summary judgment by offering affidavits in support of its summary judgment opposition which contradict the plaintiff's own statements under oath during discovery. *Phinney v. Morgan*, 39 Mass. App. Ct. 202 (1995). If this is so, then *a fortiori* the plaintiff should not be allowed to do so *after* the summary judgment motion has been filed, heard, and ruled upon. *See, Phinney*, 39 Mass. App. Ct. at 207. ("The plaintiffs' affidavits and that of their expert cannot be used to contradict previous statements made by the plaintiffs under oath in order to create a material issue of fact to defeat summary judgment." (citations omitted)).

Further, this new affidavit is reflective of a disturbing pattern in this case. The defendant took the plaintiff's deposition on May 6, 2005. Before the deposition, the defendant notified the plaintiff that his document production was incomplete, and demanded the documents before the deposition. (Exhibit 1, letter of 5-3-05). During the course of the deposition it became apparent that a number of documents had not been produced which should have been produced. (See, Deft MSJ Ex. 1A, pp. 201-203; 241-242). The missing information included documents which supposedly supported the plaintiff's property damage claim which is the subject of the plaintiff's current motion. (D MSJ Ex. 1A, pp. 201 - 203). Accordingly, the deposition was suspended, and demands were made afterward for full supplementation, prior to Day 2 of the deposition. (Exhibit 2, letter of 5-17-05; Exhibit 3, letter of 6-1-05; Exhibit 4, letter of 6-7-05). Some further documents dribbled in from the plaintiff (Exhibit 5, fax of 6-9-05 and letter of 6-8-01 (sic)), and the plaintiff declared that supplementation was complete. (Exhibit 6, fax of 6-7-05). The defendant then took Day 2 of the plaintiff's deposition, on June 10, 2005. At that time, the plaintiff specifically testified that he had produced all documents and that there was no further supplementation to provide. (D MSJ Ex. 3, pp. 187-188). Following the completion of

discovery, the defendant then moved for summary judgment. In opposing the motion, the plaintiff once again purported to produce additional information and documents that he had not provided during the discovery phase of the case. (Exhibit 7, Affidavit of Stephen Caiazzo, 5-18-06; "on April 12, 2006, ... I located a document in a box in my garage ...."). Now, after losing summary judgment, Mr. Caiazzo is once again trying to supplement discovery and introduce new facts and documents which he failed to notice, produce, or testify to during the extended discovery phase of this case. (Exhibit 8, Affidavit of Caiazzo, 9-25-06). The plaintiff should not be allowed to do this. He should have to follow the rules that apply to every other litigant. Especially so, given the obvious credibility issues inherent in the plaintiff's new and different testimony.

In further support, the defendant incorporates the facts and law contained in its accompanying Opposition to plaintiff's Rule 60(b) motion.

WHEREFORE, the defendant Medallion Insurance Agencies, Inc. prays that its motion to strike be allowed.

    THE MEDALLION INSURANCE AGENCIES, INC.
    By its attorneys,

    /s/ William D. Chapman
    William D. Chapman, BBO# 551261
    MELICK, PORTER AND SHEA, LLP
    28 State Street
    Boston, MA 02109
    (617) 523-6200

**CERTIFICATE OF SERVICE**
I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

Dated: October 3, 2006

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Paul T. Tetrault
Jessica M. Farrelly *(FL)
Stephen D. Eldridge
Johnathan P. Diggin
Debra I. Lerner * (DC & TX)
Joseph M. Alden * (NH & MD)
Alexandra Clark

Of Counsel
Thomas W. Porter, Jr.
Donna D. Convicer (CT only)
*Also Admitted

369 South Main Street
Providence, Rhode Island 02903
(401) 941-0909
Fax (401) 941-6269

142 Jefferson Street
Hartford, Connecticut 06106
(860) 244-0000

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

May 3, 2005

**Via Telecopier**

Dean Carnahan, Esq.
126 Broadway
Arlington, MA 02474

Re:   <u>STEPHEN D. CAIAZZO
vs. THE MEDALLION INSURANCE AGENCIES, INC.
No.   1:04 cv 12627 RCL</u>

Dear Mr. Carnahan:

This letter will confirm that we are agreeable to having you appear for the deposition of Stephen Caiazzo by phone with your client appearing in person at our office, located at 28 State Street, Boston. I have not yet received your client's answers to interrogatories, which you indicated were mailed. Could you please fax a copy to me so I can ensure your client does not need to supplement the answers before the deposition. Also, according to your fax, you have no additional documents to produce other than the initial disclosure and the one-page attachment to your fax.

Thank you for your attention to this matter.

Very truly yours,

Kerry D. Florio

KDF/klc

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

369 South Main Street
Providence, Rhode Island 02903
(401) 941-0909
Fax (401) 941-6269

142 Jefferson Street
Hartford, Connecticut 06106
(860) 244-0000

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Paul T. Tetrault
Jessica M. Farrelly *(FL)
Stephen D. Eldridge
Johnathan P. Diggin
Debra I. Lerner * (DC & TX)
Joseph M. Alden * (NH & MD)
Alexandra Clark

Of Counsel
Thomas W. Porter, Jr.
Donna D. Convicer (CT only)
*Also Admitted

May 17, 2005

Dean Carnahan, Esq.
126 Broadway
Arlington, MA 02474

Re:   **STEPHEN D. CAIAZZO**
      **vs. THE MEDALLION INSURANCE AGENCIES, INC.**
      **No.   1:04 cv 12627 RCL**

Dear Mr. Carnahan:

This letter follows Attorney Bill Chapman's request for additional documents during the deposition of your client, Stephen Caiazzo. As you may recall, prior to the deposition I specifically requested that your client bring any documents from Florida with him to the deposition. At this time, I renew our request for the plaintiff to supplement his document production with all the documents specifically referenced during the depositions, including but not limited to all the documents in the plaintiff's possession in Florida relating to any of his three claims, any and all letters received regarding the personal injury claim of Mr. Cuttichia - specifically including the letter allegedly given to Mr. D'Addario, any additional documents not already produced that were given to the plaintiff by his wife, letters from attorney Whitman, photographs of the personal property at issue, copies of disability policies, and copies of cancelled checks for payment for any insurance policy obtained by the defendant for the plaintiff.

Finally, kindly provide me with dates for the continuation of your client's deposition.

Thank you for your attention to these matters.

Very truly yours,

*Kerry D. Florio/klc*

Kerry D. Florio

KDF/klc

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

369 South Main Street
Providence, Rhode Island 02903
(401) 941-0909
Fax (401) 941-6269

142 Jefferson Street
Hartford, Connecticut 06106
(860) 244-0000

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Paul T. Tetrault
Jessica M. Farrelly *(FL)
Stephen D. Eldridge
Johnathan P. Diggin
Debra I. Lerner * (DC & TX)
Joseph M. Alden * (NH & MD)
Alexandra Clark

Of Counsel
Thomas W. Porter, Jr.
Donna D. Convicer (CT only)
*Also Admitted

June 1, 2005

**Via Telecopier & First Class Mail**

Dean Carnahan, Esq.
126 Broadway
Arlington, MA 02474

Re: <u>STEPHEN D. CAIAZZO
vs. THE MEDALLION INSURANCE AGENCIES, INC.
No.   1:04 cv 12627 RCL</u>

Dear Mr. Carnahan:

Kindly provide a formal response to the defendant's request for production of documents in accordance with your prior correspondence.

Thank you for your attention to these matters.

Very truly yours,

Kerry D. Florio

KDF/klc

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street

Boston, Massachusetts 02109-1775

(617) 523-6200

Fax (617) 523-8130

www.melicklaw.com

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Paul T. Tetrault
Jessica M. Farrelly *(FL)
Stephen D. Eldridge
Johnathan P. Diggin
Debra I. Lerner * (DC & TX)
Joseph M. Alden * (NH & MD)
Alexandra Clark

Of Counsel
Thomas W. Porter, Jr.
Donna D. Convicer (CT only)
*Also Admitted

369 South Main Street
Providence, Rhode Island 02903
(401) 941-0909
Fax (401) 941-6269

142 Jefferson Street
Hartford, Connecticut 06106
(860) 244-0000

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

June 7, 2005

**Via Telecopier & Regular Mail**

Dean Carnahan, Esq.
126 Broadway
Arlington, MA 02474

Re:  STEPHEN D. CAIAZZO
vs. THE MEDALLION INSURANCE AGENCIES, INC.
No.  1:04 cv 12627 RCL

Dear Mr. Carnahan:

This letter follows my voice-mail message of today and my previous correspondence regarding the plaintiff's outstanding discovery in this matter. In order to go forward with the plaintiff's deposition on Friday, June 10, 2005, we request that the plaintiff provide all responsive documents, all documents referenced in his deposition, and a formal response to the defendant's request for production of documents no later than one day in advance of the deposition this Friday. Please understand that in order to avoid another suspension of the deposition and further inconvenience to your client we will reschedule the deposition without this information.

Thank you for your attention to these matters.

Very truly yours,

Kerry D. Florio/klc

Kerry D. Florio

KDF/klc

JUN 0 9 2005

# LAW OFFICES OF DEAN CARNAHAN
126 BROADWAY, ARLINGTON, MA  02474

Telephone:  (781) 641-2825
Facsimile:   (781) 641-2825
E-mail:  ddcarnahan@rcn.com

June 8, 2001

**BY FACSIMILE TRANSMISSION
AND FIRST CLASS MAIL**

Kerry Florio, Esquire
Melick, Porter & Shea, LLP
28 State Street
Boston, MA  02109-1775

RE:  Stephen D. Caiazzo v.
      The Medallion Insurance Agencies, Inc.
OUR FILE #2274

Dear Attorney Florio:

  Enclosed please find Plaintiff's Response to Defendant's Request for Production of Documents.

  Please contact me if you have any questions.

Very truly yours,

DEAN CARNAHAN

B-2274-WDC

# LAW OFFICES OF DEAN CARNAHAN

126 BROADWAY, ARLINGTON, MA 02474
TELEPHONE (781) 641-2825

## FAX COVER SHEET

DATE: 6/9/05

TO: Kevin Florio, Esq.

FAX NUMBER: (617) 523-8130

FROM: Dean Carnahan, Esq.

NUMBER OF PAGES (including this page): ~~Two (2)~~ Three (3)

RE: Caiazzo v. Medallion

Transmitted herewith is appraisal of portion of P's personal property by Phil Castrietti ( ?) Spits wold and list of P listing additional items of personal property.

THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. Any dissemination, use or copying of this communication other than by the intended recipient is strictly prohibited. If you receive this communication in error, please notify me immediately by telephone and destroy all copies of this communication.

# SPORTSWORLD

*New England's Largest Sports Memorabilia Shoppe*

429 BROADWAY (RTE 99) EVERETT, MASSACHUSETTS 02149
Phone: (617) 387-7220    Fax: (617) 387-6177
www.sportsworld-usa.com    Email: info@sportsworld-usa.com

PHIL CASTINETTI
PRESIDENT

To Whom it may concern,

I, Phil Castinetti, have appraised the items that were owned by Mr. Steve Carrezo as follows.

- LYNDON BYERS GAME USED BRUINS ROAD JERSEY — $2,500.-
- CRAIG JANNEY GAME USED BRUINS HOME JERSEY — $1,500.-
- LYNDON BYERS TEAM SIGNED SHARKS JERSEY — $2,000.-
- DREW BLEDSOE SIGNED PATRIOTS JERSEY — $250.-
- NOLAN RYAN LIMITED EDITION SIGNED PRINT — $500.-
- RAY BOURQUE SIGNED 8x10 PHOTO — $100.-
- CAM NEELY SIGNED 8x10 PHOTO — $75.-
- GERRY CHEEVERS SIGNED 8x10 PHOTO — $50.-
- LYNDON BYERS SIGNED 8x10 PHOTO — $25.-
- KEN HODGE SIGNED 8x10 PHOTO — $25.-
- ANDY MOOG SIGNED 8x10 PHOTO — $40.-
- GARY DOAK SIGNED 8x10 PHOTO — $25.-
- BOBBY ORR SIGNED 8x10 PHOTO — $150.-
- 1 BOX OF 45 LESSER NAME PLAYERS SIGNED PHOTOS @ $15 ea. — $675.-
- ROBERT URICH SIGNED 8x10 PHOTO — $100.-
- DENNIS LEARY SIGNED 8x10 PHOTO — $75.-
- SYLVESTER STALLONE SIGNED 8x10 PHOTO — $200.-
- LARGE BRUINS PHOTO - NEELY-BYERS etc. — $200.-
- 4 FT. x 7 FT. BRUINS TEAM PHOTO — $1,000.-
- RAY BOURQUE GAME USED STICK — $350.-
- ASST. GAME USED STICKS - NEELY, HODGE etc. — $1,000.-
- CAM NEELY GAME USED HOCKEY GLOVES — $1,500.-
- 8 FT. FIBERGLASS SHARK - WALL MOUNTED — $1,500.-

TOTAL $13,840.-

*Phil Castinetti*

OPEN MON. – SAT. AT 9:00 A.M.

1 - 10 FOOT FIBERGLASS HAMMERHEAD SHARK
  $1400.00
1 - SIGNED PICTURE OF BANK "EXTREME" WITH PLATINUM CD'S ENCASED.
1 - NEW 28" ALL TERRAIN BIKE (400.00)
- BOX OF COLLECTABLE LIQUORS - (2,000.00)
1 - NEW ARMOUR  (- 600.00)
1 - DENNIS LEARY PICTURE SIGNED
1 - ROBERT URICH PICTURE SIGNED
1 - SYLVESTER STALONI PICTURE SIGNED
1 - 3' X 2' PICTURE OF BRUINS, CAM NEELY, LYNDON BYERS, BILL O'DWYER AND MYSELF
- ISLAND OASIS MACHINE - (3,000.00)
- LEATHER COUCH (NEW) 600.00
- AIR CONDITIONER IN WINDOW (OFFICE) 300.00
3 - CUSTOM AWNINGS W/ SCUTTLEBUTTS LOGO PRINTED - 3,000.00
(2 - BOXES OF VARIOUS SPORTS PICTURES)

# LAW OFFICES OF DEAN CARNAHAN
126 BROADWAY, ARLINGTON, MA 02474
TELEPHONE (781) 641-2825

## FAX COVER SHEET

DATE: 6/7/05

TO: Kerry Florio, Esq.

FAX NUMBER: (617) 523-8130

FROM: Dean Carnahan, Esq.

NUMBER OF PAGES (including this page): One (1)

RE: Caiazzo v. Medallion

In response to your fax to me dated today, Mr. Caiazzo has produced all copies of documents in his possession, custody or control that are responsive to your document request. I will get you a document response before Friday. Is it OK to start the deposition at 10:30?

THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. Any dissemination, use or copying of this communication other than by the intended recipient is strictly prohibited. If you receive this communication in error, please notify me immediately by telephone and destroy all copies of this communication.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN D. CAIAZZO,<br>    Plaintiff<br><br>v.<br><br>THE MEDALLION INSURANCE<br>AGENCIES, INC.,<br>    Defendant | CIVIL ACTION NO.<br>04-12627 RCL |

### AFFIDAVIT OF STEPHEN D. CAIAZZO

I, Stephen D.C aiazzo ("Caiazzo"), under oath, state the following:

1.  I am the plaintiff in this action.

2.  On April 12, 2006, after plaintiff's opposition to defendant's summary judgment motion was filed, I located a document in a box in my garage dated 4/12/00 from Assicurazioni Generali insurance company showing property coverage from 2/19/00 to 2/19/01 paid for by one payment of $4,400.00 at inception.

3.  This documents hows that property coverage was not part of a package of insurance financed by Standard Funding.

4.  I could not locate this document earlier because it was buried in one of the boxes in my garage and I did not notice it until April 12, 2006.

Signed under the pains and penalties of perjury this 18th day of May 2006.

                                                                                     s/s Stephen D. Caiazzo
                                                                                     Stephen D. Caiazzo

PDF created with pdfFactory trial version www.pdffactory.com

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

STEPHEN D. CAIAZZO,
    Plaintiff

v.

THE MEDALLION INSURANCE
AGENCIES, INC.,
    Defendant

CIVIL ACTION NO.
04-12627 RCL

## AFFIDAVIT OF STEPHEN CAIAZZO

I, Stephen D. Caiazzo, under oath, state the following:

1. I am the plaintiff in this action.

2. The loss of property claim in this case consists of my own personal property and of corporate property I purchased from the corporate bankruptcy trustee on November 28, 2001.

3. Attached hereto as Exhibit A is a bill from the Salem Police Department for police details when this property was removed from my bar, Scuttlebutts. I was there on December 3, 2001 and was able to remove some property.

4. I told the appropriate person that I would return to remove the rest of the property. She told me to call her to coordinate a date.

5. I left messages for this person, but she refused or neglected to return my calls. When I finally spoke with her in February 2002, she told me that all of the property had been removed.

6. The Salem Police Department bill shows that a police detail was at Scuttlebutts on December 7 and 12, 2001. Attached as Exhibit B is a bill from W.H. Goodwin Enterprises

showing that property was removed on January 7-10, 2002. All of these property removals were done without my knowledge.

7. The personal property policy terms attached as Exhibit 4 to Plaintiff's Response to Defendant's Statement of Facts are policy documents that I had at my home as part of the insurance documents for the policy year of 2000-2001. I requested Medallion to continue this property coverage for the following year. As I stated in my deposition, I told Medallion to reduce my liquor liability coverage from $1M to $500,000.00 and to cancel my coverage for business interruption in order to maintain this property coverage.

Signed under the pains and penalties of perjury this 25 day of September 2006.

_____
Stephen D. Caiazzo

B-2274-PA

```
FROM: SALEM POLICE DEPT
      P.O. 3005
      SALEM MA, 01970
      ADDRESS THREE
```

01/02/02

386

```
TO: HARBOR REALTIY TRUST
    111 DERBY ST
    SALEM, MA 01970
```

*** DETAIL INVOICE ***

| date | inv# | hours | officer | total | paid | bal |
|---|---|---|---|---|---|---|
| 12/03/01 | 32003 | 4.00 | 88 SGT DACY | 124.00 | | 124.00 |
| 12/07/01 | 32112 | 4.00 | 69 PTL SALVO | 124.00 | | 124.00 |
| 12/12/01 | 32162 | 8.00 | 44 PTL SIERRA | 248.00 | | 248.00 |
| | | | | | TOTAL: | 496.00 |

PLEASE MAKE CHECK PAYABLE TO THE CITY OF SALEM AND SEND IT WITH A COPY OF THIS INVOICE TO THE ABOVE ADDRESS MADE TO THE ATTENTION OF OFFICER EMELIAN. INVOICES ARE NET 30 DAYS, 31-60 ADD $5.00. 61-120 ADD 7%.

THANK YOU

*paid ck 757*
*4-2-02*

(978) 740-9376
(781) 608-3859

INVOICE

**W.H. Goodwin Enterprises**
P.O. Box 1398
Marblehead, MA 01945-3303

1/10/02  20\_\_\_\_

SOLD TO: H.R. PM
Bev. Co-op (Scuttle Butts - Clean-up)
73 Lafayette St
Salem

TERMS:

NO. \_\_\_\_

| DATE | JOB DESCRIPTION | LABOR | AMOUNT |
|---|---|---|---|
| 1/7/02 | 1 man | 4 hr | |
| 1/8/02 | 2 men | 10 hr | |
| 1/9/02 | 1 man | 14 hr | |
| 1/10/02 | 3 man | 18 hr | |
| * | Estimate of 34 hrs | 46 hrs | $2070.00 |
| | Actual labor time 46 man hours | | |
| | Better Relations with logistics with regards | | |
| | TO Dumpster placement would have | Cleaning Supplies | 73.00 |
| | Kept us in our time frame | | |

terms 7 days - a finance charge of 1 1/2% if not paid on time - thank you

Total Amount Due $2143