UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                              )
STEPHEN D. CAIAZZO,                           )
          Plaintiff                           )
                                              )          CIVIL ACTION
NO.
v.                                            )          04-12627  RCL
                                              )
THE MEDALLION INSURANCE                       )
AGENCIES, INC.,                               )
          Defendant                           )
                                              )
_____)

## JOINT PRE-TRIAL MEMORANDUM

a.     Trial Counsel

       For Plaintiff                          For Defendant
       Dean Carnahan                          William D. Chapman
       Law Offices of Dean Carnahan           Melick, Porter & Shea, LLP
       51 Newcomb Street                      28 State Street, 22nd Floor
       Arlington, MA  02474                   Boston, MA  02109-1775
       (781) 641-2825                         (617) 523-6200

b.     Summary of Positions

       Plaintiff

       An individual by the name of Cuttichia claimed that he was injured at Caiazzo's

corporate bar, Cai's Food & Spirits.  Caiazzo reported this claim to Medallion when he

received a letter from Cuttichia's attorney before suit was filed.  Caiazzo did not receive any

other notices from Cuttichia's attorney or the Court and was unaware that defaults, assessments

of damages and judgments had been entered against his corporation, Donna's Pub, Inc. and

then against him individually until just before an execution was entered against him and a lien

was placed on his individual real estate.  Medallion failed to report the claim to the appropriate

PDF created with pdfFactory trial version www.pdffactory.com

insurance carrier when Caiazzo first reported the claim to Medallion. When Medallion finally submitted the claim, they submitted it to the wrong insurance carrier. In April 2003, Caiazzo paid Cuttichia $35,000 for the sale of his individual real estate.

Defendant

Medallion denies liability to the plaintiff for numerous reasons. First, the plaintiff has no documentation whatsoever that he provided timely notice to Medallion of the underlying Cuttichia claim when he received it. His testimony as to his purported verbal notice to Medallion has been vague, at best. The documents in the case clearly show that plaintiff did not report the Cuttichia claim to Medallion for years, and not until after (a) the underlying suit against the plaintiff's corporation went to a default judgment, and (b) after the underlying plaintiff filed a subsequent action against Mr. Caiazzo individually to pierce the corporate veil, and until that second action was in default posture. Medallion will show that it timely reported the loss upon notification from Caiazzo. Importantly, however, the claim was ultimately denied by the insurer - *not* due to late notice - but because the policy did not provide coverage for the particular claim. Thus, any delay in reporting the claim, whether due to Mr. Caiazzo's own inactivity (as the record clearly shows), or otherwise, was not the proximate cause of any uninsured loss. Further, the plaintiff Stephen Caiazzo lacks standing, as an individual, to pursue a claim on a policy issued to a corporation, Donna's Pub, Inc. d/b/a Cai's Food & Spirits. Medallion also denies the plaintiff's damages claims insofar as the plaintiff is unable to establish damages consistent with applicable Massachusetts law, including the need to show that the damages would have been paid pursuant to the terms and conditions of the underlying insurance policy but for the negligence of the insurance broker.

c.     Waived Claims or Defenses

2

Not applicable.

d.    <u>Facts Established by the Pleadings</u>

1.    In 1998, an individual named Joseph Cuttichia sued a corporation known as Donna=s Pub Inc. d/b/a Cai's Food & Spirits (hereinafter, Cai's), in the Malden District Court. Cuttichia alleged he sustained personal injuries on or about September 13, 1996 as a result of an altercation at Cai's.

2.    Service was made in hand at the corporate business address of Cai=s .

3.    Cai's defaulted, damages were assessed, judgment entered, and an execution issued.

4.    Cuttichia later filed suit against Caiazzo, individually, in the Essex Superior Court, to pierce the corporate veil and enforce the underlying judgment.

5.    The Essex Superior Court action was served upon Mr. Caiazzo as an individual at his last and usual place of abode on March 22, 2002.

6.    Caiazzo failed to appear and default judgment was entered against Caiazzo in his individual capacity.

7.    Following the December, 2002 default and assessment proceedings before Judge Kottmyer, a judgment was entered against Caiazzo in the amount of $39,805.03.  The Judgment which entered on January 8, 2003  specifically states that "the summons and complaint were duly served upon the defendant(s)".

8.    Following that judgment, the Essex Superior Court issued an execution against Caiazzo in the amount of approximately $41,000.  In connection therewith, Cuttichia obtained a lien against Caizzo's real property.

3

PDF created with pdfFactory trial version www.pdffactory.com

9.      In April, 2003, Caiazzo agreed to pay Cuttichia $35,000 from the sale of his encumbered property and the Essex Superior Court action was thereby settled.

10.     Therefore, the amount of damages sought by the plaintiff in this action is $35,000.

11.     Caiazzo lacks any documentation to support his allegation that he reported the claim to Medallion in approximately 1998.

12.      Following Medallion's report of the Cuttichia claim to the insurer, Pacific Insurance Company,  Pacific denied the claim because the incident did not arise out of the selling or furnishing of alcohol and was therefore not covered under the policy.  Pacific reserved its rights relative to the late notice of the claim, but did not deny the claim on the basis of late notice.

Medallion reserves the right to call witnesses and introduce evidence with respect to the details of the foregoing facts.

e.      <u>Contested Issues of Fact</u>

1.      Caiazzo operated Donna's Pub, Inc. d/b/a Cai's Food & Spirits from about 1990 to about 1997 to about 1997 or 1998.

2.      Caiazzo operated Jenna's Pub. Inc. d/b/a Scuttlebutts from 1998 through September 2001.

3.      Caiazzo, on behalf of Cai's and Scuttlebutts obtained insurance through Medallion from approximately 1994 to 2001.

4.      When Caiazzo first notified Medallion of the Cuttichia claim, and the circumstances of such notice.

5.      The circumstances of the notice of claim which Medallion provided to the insurer for the corporation.

4

PDF created with pdfFactory trial version www.pdffactory.com

6.     The basis of the underlying insurer's denial of coverage, including whether or not such denial was proximately caused by the alleged negligence of Medallion.

f.     <u>Any Jurisdictional Questions</u>

The amount in controversy relative to the one count remaining to be tried after summary judgment is below the jurisdictional threshold for diversity actions.

g.     <u>Questions Raised by Pending Motions</u>

None.

h.     <u>Issues of Law</u>

Medallion raises the following legal issues:

1.     Whether the plaintiff as an individual has standing to recover from an insurance broker which placed an insurance policy for a corporation.  Medallion urges that the liability coverage afforded to the corporation – assuming that it would have applied to a claim like Cuttichia's - did not and would not ever extend to the personal liability of a corporate principal who defaulted on his obligations to the corporation by failing to properly handle a liability claim.  *Rayden Engineering Corp. v. Church,* 337 Mass. 652, 662, 151 N.E.2d 57, 64 (Mass. 1958) (upholding directed verdict where plaintiff failed to prove causation).

2.     The preclusive effect, per res judicata or collateral estoppel, of the Essex Superior Court's finding and judgment that the Essex Superior Court action was "duly served on" the plaintiff in March of 2002, as well as the other proceedings and findings made in that action and the prior Malden District Court action.   This will be the subject of a separate motion *in limine.*

PDF created with pdfFactory trial version www.pdffactory.com

3.      Whether the plaintiff can establish that any alleged error by the defendant proximately caused him to sustain a loss that otherwise would have been insured.   *Rayden Engineering Corp. v. Church,* 337 Mass. 652, 662, 151 N.E.2d 57, 64 (Mass. 1958).

4.      The legal basis of the coverage position taken by the underlying insurer.

Caiazzo raises the following issue:

5.      Whether the defendant can raise the issue set forth in paragraph 1 above, where the policy has not been produced by any party in this case.

i.      <u>Requested Amendments to Pleadings</u>

None.

j.      <u>Additional Matter to Aid in Disposition</u>

None known to parties.

k.      <u>Probable Length of Trial</u>

Three to four days.

l.      <u>Witnesses</u>

<u>Plaintiff's Witness</u>

Stephen Caiazzo, 2016 SW 49th Street, Cape Coral, FL  33914

<u>Defendant's Witnesses\</u>

All of defendant's witnesses will provide factual testimony:

Jean D'Addario, c/o The Medallion Insurance Agencies, Inc., 110 Florence Street, Malden, MA 02108

John D'Addario, c/o Medallion Ins. Agency

Joseph DeVincentis, c/o Medallion Ins. Agency

Karen Ware, current address unknown

Daniel P. Munnelly, Esq., 197 Portland Street, Boston MA

PDF created with pdfFactory trial version www.pdffactory.com

Ronald Dunbar, Esq., One Gateway Center, Newton, MA

Keeper of Records, Law Office of Steven Whitman, 197 Portland Street, Boston, MA

C.J. Connon, Esq. 150 Federal Street, Boston, MA

Thomas P. Collins, Esq. , 19 Main Street, Andover, MA

The defendant reserves the right to supplement this list.

m.    <u>Proposed Exhibits</u>

Agreed Exhibits:

Plaintiff:

1.    Complaint and Jury Claim – Joseph Cuttichia v. Donna's Pub, Inc. – Malden

District Court

2.    Execution of Cuttichia v. Donna's Pub, et al. – Essex Superior Court – Civil No.

2002-0498

3.    Levy on execution – Essex Registry of Deeds

4.    Letter from First Management Group to Thomas Collins, Esq. dated 6/9/03

5.    Fax from Medallion to Commercial Liability Claims dated 2/28/03

6.    Fax from Medallion to Claims Department dated 4/25/03

Defendant:

7.    Summons and return of service in Malden District Court action.

8.    Return of service in Essex Superior Court action.

9.    Letter from Atty Thomas Collins to Medallion 5-16-03

10.    Judgment by Default – Essex Superior Court, 1-8-03

11.    Letter from Offices of Steven Whitman to Caiazzo dated 9/5/96

12.    Letter from Offices of Steven Whitman to Cai's dated 1/9/97.

PDF created with pdfFactory trial version www.pdffactory.com

13.     Letter from Steve Whitman to Thomas Collins 12-12-02.

The parties reserve their rights to supplement this exhibit list reasonably in advance of the trial.

Unagreed exhibits:

A.     Pleadings and discovery from Malden District Court and Essex Superior Court actions.   (Both parties reserve rights).

B.     Keeper of records documents from Law Offices of Steven Whitman, Daniel Munnelly, and Ronald Dunbar (Both parties reserve rights)

C.     Correspondence between Plaintiff and Defendant and by Plaintiff about defendant, 1996 – present (Both parties reserve rights).

D.     Keeper of records documents from First State Management and/or Pacific Indemnity Company (Both parties reserve rights).

E.     Plaintiff's answers to interrogatories, 4-23-05. (Plaintiff would object to this as an Exhibit at trial).

Both parties reserve their rights to supplement this list seasonably before trial.

n.     <u>Proposed Jury Instructions</u>

     <u>Plaintiff's Proposed Jury Instructions</u>

     See Appendix "Plaintiff – A" attached hereto.

     <u>Defendant's Proposed Jury Instructions</u>

     See Appendix "Defendant – A" attached hereto.

o.     <u>Proposed Voir Dire Questions</u>

     <u>Plaintiff's Proposed Voir Dire Questions</u>

     See Appendix "Plaintiff – B" attached hereto.

PDF created with pdfFactory trial version www.pdffactory.com

<u>Defendant's Proposed Voir Dire Questions</u>

See Appendix "Defendant – B" attached hereto.


<u>/s/ Dean Carnahan</u>                    <u>/s/ William D. Chapman</u>
Dean Carnahan                              William D. Chapman
Attorney for Plaintiff                     Attorney for Defendant
Law Offices of Dean Carnahan               Melick, Porter & Shea, LLP
51 Newcomb Street                          28 State Street, 22nd Floor
Arlington, MA  02474                       Boston, MA  02109-1775
(781) 641-2825                             (617) 523-6200

Date:  December 6, 2006




**<u>EXHIBIT A</u>**



**<u>Plaintiff's Proposed Jury Instuctions</u>**


9

PDF created with pdfFactory trial version www.pdffactory.com

1.      Once a request is made, the broker "is bound to use due care in the implementation of the agency and in carrying out instructions of the principal-client." Bicknell, Inc. v. Havlin, 9 Mass. App. Ct. 497, 500, 402 N.E. 2d 116 (1980).

2.      To establish a negligence claim, the plaintiff must prove that a duty of care was owed them, that there was a breach of that duty, and that the breach of the duty proximately caused the plaintiff's damages and actual damages.  See International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 217-218, 560 N.E. 2d 122 (1990); Cimino v. Milford Keg, Inc., 385 Mass. 323, 331-332, 431 N.E. 2d 920 (1982); Cannon v. Sears Roebuck & Co.,  374 Mass. 739, 741, 374 N.E. 2d 582 (1978).

## Defendant's Proposed Jury Instructions

1.      The relationship between an insurance broker and the insured is not normally thought to be fiduciary in nature, (citations omitted) absent "special circumstances of assertion, representation and reliance."  Baldwin Crane v. Riley & Rielly Ins. Agency, Inc., 44 Mass. App. Ct. 29, 31-32 (1997); Swartz v. Travelers Indemnity Co., 50 Mass. App. Ct. 672 (2001); review denied 434 Mass. 1102 (2001).

2.      The general duty of an insurance broker to the insured is to obtain the insurance which was requested and to use due care in that undertaking.   The general duty which is owed by an insurance agent to its customer does not include the post-sale processing of an insurance claim, such as the claim which was asserted by Mr. Cuttichia against Mr. Caiazzo and his corporation. Swartz v. Travelers Indemnity Co., 50 Mass. App. Ct. 672 (2001); review denied 434 Mass. 1102 (2001).

10

PDF created with pdfFactory trial version www.pdffactory.com

3.      In order to determine whether Medallion breached any duty owed with respect to the processing of Mr. Cuttichia's claim, you must first determine whether there was a "special relationship" between Mr. Caizzo and Medallion which was sufficient to warrant a greater legal duty owed than what is typically owed by an insurance agent to its customer.   An expanded agency relationship, sufficient to require a greater duty from the agent than this general duty, exists only where the agent holds himself out as an insurance specialist, consultant or counselor, *and* is receiving compensation for consultation and advice apart from premiums paid by the insured."  *Baldwin Crane v. Riley & Rielly Ins. Agency, Inc.,* 44 Mass. App. Ct., at 32 (1997) (emphasis added).

4.      In determining whether such special circumstances exist, you must consider (1) the complexity and comprehensiveness of the insurance business, (2) whether a continuing relationship existed between the plaintiff and defendant over a period of years, (3) the frequency of contact between the plaintiff and the defendant with respect to the insurance at issue; (4) the extent to which the plaintiff relied on the advice of the agent.  *Swartz v. Travelers Indemnity Co.,* 50 Mass. App. Ct. 672 (2001); *review denied* 434 Mass. 1102 (2001).

5.      If you find that such special circumstances exist, you must then determine whether the defendant breached the heightened legal duty.    In determining whether the defendant breached the heightened duty owed, you should consider the evidence with respect to what the agent's heightened duty was, and whether the plaintiff has established by a preponderance of the evidence that the defendant failed to conform to the heightened standard of care which applied to it.

6.      In the event you find that the defendant breached its heightened duty of care, you must then determine whether such breach proximately caused the alleged loss that the plaintiff is

11

complaining about.  In other words, you must determine whether the alleged negligence of the defendant caused the alleged uninsured loss about which the plaintiff complains.   You should consider the evidence in the case and whether it supports a finding that the harm that allegedly befell Mr. Caiazzo followed as a natural consequence of the breach.   *Swartz v. Travelers Indemnity Co.,* 50 Mass. App. Ct. 672 (2001); *review denied* 434 Mass. 1102 (2001).

7.      In this case, Caizzo is claiming that Medallion was negligent because it failed to forward the Cuttichia claim to the insurer in 1998, which in 2003 caused Mr. Caiazzo to sustain an uninsured loss when the insurer denied coverage for the claim.   Caizzo alleges that such denial was caused by Medallion's negligence.    You must determine, therefore, whether the insurer denied coverage because Medallion failed to forward the claim to it, or for some other reason.   If you find that the insurer denied coverage because Medallion failed to forward the claim to it, then a finding of proximate causation would be proper.   If you find that the insurer denied coverage for a reason other than late notice by Medallion, then you may not find proximate causation.

8.      If based upon all the credible evidence it is just as reasonable to believe that the cause of the plaintiff's alleged damages is one for which the defendant is *not* liable as it is to believe that it is one for which the defendant *is* liable, then the plaintiff has failed to sustain his burden of proof and you must find for the defendant.  *Stepakoff v. Kantar*, 393 Mass. 836,842-43 (1985); *Forlano v. Hughes*, 393 Mass. 502, 507 (1984).

9.      You may not indulge in surmise, conjecture or speculation.   Surmise, conjecture and speculation is not proof, should not be considered by you, and must be excluded from your deliberations.   The plaintiffs have failed to maintain their burden of proof if, based upon all of

PDF created with pdfFactory trial version www.pdffactory.com

the evidence, any element of their claim is left to conjecture, surmise or speculation. *Swartz v. General Motors Corp.*, 375 Mass. 628, 633 (1978); *Morris v. Weene*, 258 Mass. 178, 180 (1927).

10.    You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given. You should carefully evaluate all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you, the jury, to discredit such testimony. Two or more persons witnessing an accident may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional misrepresentation. After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. Thus, you may accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not

PDF created with pdfFactory trial version www.pdffactory.com

necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

> *Beckles v. Boston Elevated Railway Co.*, 214 Mass. 311, 312 (1913); Devitt and
> Blackmar, *Federal Jury Practice and Instructions*, '73.01 at 49-50 (1987).

11.    If you find that the defendant was negligent, and that negligence was a proximate cause of the plaintiff's damages, you also must consider the plaintiff's acts or omissions and whether that conduct contributed in any way to his alleged damages.  The defendant alleges that the plaintiff caused his own damages by failing to act reasonably to protect his own interests with respect to the Cuttichia claim.

12.    To prove that the plaintiff negligently contributed to his own loss, the defendant must convince you by a preponderance of the evidence that:

>    (a)    the plaintiff failed to take safeguards against injury to himself; and that
>
>    (b)    the alleged loss was the foreseeable result of his failure to take the requisite
>    precautions.

> *Palmer v. Boston Penny Savings Bank*, 301 Mass. 540 (1938).  *See also Town of*
> *Wrentham   v. Bezema*, 2002 WL 2017108 (Mass. Super. 2002); *Clark v. Rowe*, 428
> Mass. 339, 345 (1998); G.L. c. 231, ' 85.

13.    The plaintiff was comparatively negligent if he failed to exercise that degree of care that a reasonable prudent person would have exercised in the same or similar circumstances to guard against a risk of harm.  *Duggan v. Bay State Ry. Co.*, 230 Mass. 370 (1918); *Hanley v. Boston Elevated Ry. Co.*, 201 Mass. 55 (1909).

14.    The amount of damages must be proved by the plaintiff by a preponderance of the

PDF created with pdfFactory trial version www.pdffactory.com

evidence and not left to speculation.  *Snelling & Snelling of Massachusetts, Inc. v. Wall*, 345 Mass. 634, 636 (1963); Devitt and Blackmar, *Federal Jury Practice and Instructions*, '85.15 at 340 (1987).

15.     In the circumstances of this case, the plaintiff's damages (if any) should be limited to the amount which he has proven he would have been recovered pursuant to the insurance policy which Medallion obtained.  In other words, the plaintiffs must prove the amount of damages that he sustained as a result of the underlying Cuttichia claim, and must then prove the extent to which some or all of those damages would have been recoverable pursuant to the underlying policy(ies) of insurance.

PDF created with pdfFactory trial version www.pdffactory.com

## EXHIBIT B

### Plaintiff's Voir Dire Questions

1.      Because of the publicity relating to plaintiffs' civil cases' verdicts or awards, would you fail to award the Plaintiff a fair and reasonable verdict if justified by the evidence?

2.      Have you seen or heard any advertising on radio, television or the news media relating to so-called lawsuit abuse or the lawsuit explosion?  If so, would this make it difficult for you to find for the Plaintiff if the evidence so warrants in a civil case against a business?

3.      Do you believe that Plaintiffs win too often in civil cases?

4.      Do you believe that Plaintiffs win too much money in civil cases?

5.      Have you contributed money to any political campaign or fund or called any politicians or organization based upon your belief that Plaintiffs win too often or too much money in civil cases against businesses?

        The plaintiff further requests that if any potential juror answers any of these questions in the affirmative, that the Court discharge each such juror for cause.

### Defendant's Voir Dire Questions

1.      Do you or any member of your family have any particular bias, for or against, with respect to the insurance business, including  insurance agencies, insurance companies, and the people that work for them?

PDF created with pdfFactory trial version www.pdffactory.com