UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN D. CAIAZZO,<br>    Plaintiff<br><br>v.<br><br>THE MEDALLION INSURANCE<br>AGENCIES, INC.,<br>    Defendant | CIVIL ACTION NO.<br>04-12627 RCL |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE AND ARGUMENT CONCERNING LACK OF NOTICE OF SUIT**

The defendant, The Medallion Insurance Agencies, Inc. ("Medallion"), has filed a motion in limine to preclude the plaintiff, Stephen D. Caiazzo ("Caiazzo"), from seeking to introduce evidence that he did not receive notice of the underlying tort action filed in Malden District Court in March of 2002 and of the subsequent case in Essex Superior Court. Medallion argues that Caiazzo should be precluded from introducing such evidence based upon the principles of collateral estoppel. Medallion states that Caiazzo is expected to testify that he did not become aware of the underlying suits until late 2002, after defaults had been entered. Medallion argues that Caiazzo's testimony should be barred based upon the Essex Superior Court's finding and judgment that Caiazzo was "duly served" in March 2002. Medallion argues that Caiazzo's testimony as to the Malden District Court's action should be barred by the finding, express or implied, that the action was "duly served" on Caiazzo's corporation in March 1998.

PDF created with pdfFactory trial version www.pdffactory.com

**I.      Procedural Background**

In 1998, a person named Joseph Cuttichia filed suit in Malden District Court against Caiazzo's corporation, Donna's Pub, Inc. d/b/a Cai's Food & Spirits (Cai's"), claiming that he was injured in an altercation at Cai's.  Attached to Medallion's motion in limine is a summons with a return of service showing service in hand to "Karen Ware", person in charge of the corporation at time of service on March 3, 1998.  However, Caiazzo testified at his deposition that he did not remember if he saw the summons and complaint; and that if he had seen them, he would have given them to Medallion.  Medallion's Summary Judgment Exhibit 1A, pp. 94-95.  Caiazzo testified that he received a letter from Cuttichia's attorney before suit was filed, called John D'Addario of Medallion, that D'Addario came to Caiazzo's restaurant/bar and picked up the letter.  Id. pp. 58-59.  Letters from Cuttichia's attorney were dated 11/5/96 and 1/9/97.  Caiazzo's Summary Judgment Exhibit 5.  The 1/9/07 letter refers to a letter dated 9/30/96.  Id.  This is important since Medallion says that its computer system and paper files did not go back to 1996.  Id.  Medallion also stated that it appeared that its files regarding this claim had been lost when they moved.   Caiazzo's Summary Judgment Exhibit 6.

Cuttichia later filed suit against Caiazzo, individually, in Essex Superior Court, to pierce the corporate veil and enforce the underlying judgment.  The Essex Superior Court action was served on Caiazzo at his "last and usual abode."  However, Caiazzo testified that he did not see the summons and complaint in March 2002, that his wife kept his mail from him, and that he did not receive papers for this Superior Court case from his wife until late in 2002.  Medallion's Summery Judgment Exhibit 1A, pp. 102, 104.

Caiazzo was defaulted for failure to appear.  Cuttichia's counsel then proceeded with an assessment of damages and moved for a default judgment in October 2002.  Exhibit E to

2

PDF created with pdfFactory trial version www.pdffactory.com

Medallion's motion in limine.  Caiazzo became aware of the underlying actions by December 2002.  Caiazzo's attorney testified that he became aware of the Cuttichia matter in December 2002 and spoke with John D'Addario of Medallion about it in December 2002.  Medallion's Summary Judgment Exhibit 24, pp. 40-41.  This would have been sufficient time for an attorney to appear in court before an execution was issued on February 10, 2003.  Medallion's Summary Judgment Exhibit 22.

Execution was issued against Caiazzo in the approximate amount of $41,000.00.  Cuttichia then obtained a lien against Caiazzo's real estate.  In April 2003, Caiazzo paid Cuttichia $35,000.00 from the sale of the real estate and his claim against Medallion is for this $35,000.00, plus interest from April 2003, which is approximately $15,000.00.

## II.    Argument

Medallion argues that Caiazzo should be precluded from testifying that he did not receive actual notice of the court proceedings because both courts ruled, expressly of impliedly, that the summons and complaint had been duly served.  Medallion argues that the collateral estoppel doctrine should bar this testimony.

However, collateral estoppel does not apply in this situation.  Medallion cites the case of Sena v. Commonwealth, 417 Mass. 205 (1994), which states that "collateral estoppel precludes relitigation of issues determined in prior actions between the parties or those in privity with the parties…"  There is no privity between Medallion and Cuttichia.  Thus, the doctrine of collateral estoppel does not apply.

Medallion argues that when Caiazzo learned of the underlying actions in December 2002, he should have challenged service at that time, and could have filed a Rule 55(c) request to set aside the default or a Rule 60(b) motion for relief from judgment, based on lack of notice.

PDF created with pdfFactory trial version www.pdffactory.com

However, Caiazzo's attorney notified Medallion of the claim in December 2002.  If Medallion had promptly notified the proper carrier of the claim and the status of the proceedings, the carrier could have appointed an attorney for Caiazzo to file the Rule 55(c) request or the Rule 60(b) motion for relief from judgment in time to prevent harm to Caiazzo.

Since Caiazzo gave Medallion notice of the suit before it was filed and advised Medallion of the suit again in December 2002, in time to protect Caiazzo's interests and avoid any damage to him, this issue of actual notice of the summons and complaints is irrelevant and collateral estoppel does not apply.  Collateral estoppel does not apply since the relevant actions took place before the suit was filed and in December 2002, when Caiazzo again notified Medallion of the claim.

Caiazzo should be allowed to testify that he did not receive actual notice of the summonses, complaints and other notices to explain why he took no action from late 1996 (when he notified Medallion of the claim) until late 2002 (when Caiazzo received the court papers from his wife).  To preclude him from presenting this testimony would be prejudicial to Caiazzo, since the jury would assume that Caiazzo could have taken action to protect himself during this period of time.

Thus, the collateral estoppel doctrine does not apply since Medallion does not have privity with Cuttichia.  In addition, preclusion of the testimony by Caiazzo regarding his lack of notice of the proceedings would be prejudicial to Caiazzo.

### III.   Conclusion

For the foregoing reasons, Caiazzo requests this Court to deny Medallion's motion in limine to preclude testimony and argument.

4

PDF created with pdfFactory trial version www.pdffactory.com

By Plaintiff's Attorney,

/s/ Dean Carnahan
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474
Dated:  December 14, 2006          (781) 641-2825

## CERTIFICATE OF SERVICE

I, Dean Carnahan, hereby certify that on this day I served this pleading on defendant by the ECF system which will send it electronically to registered participants of the defendant as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Date:  December 14, 2006          /s/  Dean Carnahan
                                  DEAN CARNAHAN

B-2274-OML

5

PDF created with pdfFactory trial version www.pdffactory.com