UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN D. CAIAZZO,<br><br>    Plaintiff,<br><br>v.<br><br>THE MEDALLION INSURANCE<br>AGENCIES, INC.,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  04-12627 RCL<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANT, THE MEDALLION INSURANCE AGENCIES, INC.'S, OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND CROSS-MOTION FOR COSTS AND FEES**

The Defendant, The Medallion Insurance Agencies, Inc., ("Medallion") opposes the Plaintiff's Motion for Relief from Judgment and requests the Court to award Medallion its attorney's fees expended in drafting and filing this Opposition. In support hereof, Medallion states the following:

1. Plaintiff's Complaint was filed on November 23, 2004, and sounded in three counts: that Medallion failed to properly report a liability claim, which caused the plaintiff to sustain a $35,000 uninsured loss (Count I); that Medallion failed to report a disability claim which caused the plaintiff to sustain a $234,000 uninsured loss (Count II); and that Medallion failed to properly report a property insurance claim which caused Caiazzo to sustain an uninsured loss of $25,100 (Count III).

2. Medallion filed a Motion for Summary Judgment with this Court on all three Counts of the Complaint on March 6, 2006.

3.   A hearing on Medallion's Motion for Summary Judgment took place on September 18, 2006. At the hearing, Judge Lindsay allowed Medallion's motion as to Counts II and III, but while cautioning the Plaintiff's counsel that the last claim was quite weak and would need more to proceed at trial, he denied Medallion's motion as to Count I.

4.   Plaintiff and his prior corporation were sued by a man named Cuttichia, who was injured in the plaintiff's bar on September 13, 1996, after being struck in the face by another patron. In the last remaining Count I, Plaintiff alleged that, but for Medallion's negligent failure to timely report that claim to his insurer, he would have been covered by insurance and would not have had to pay Cuttichia $35,000 from his own pocket.

5.   The last remaining count was scheduled for trial on February 26, 2007, before the Honorable Judge Lindsay. In its trial preparation, counsel for Medallion learned of the facts and events set forth in its Motion to Dismiss and Memorandum in Support. Judge Lindsay heard arguments from counsel on the Motion to Dismiss in his chambers prior to the commencement of the trial. However, the Court did not rule on the Motion to Dismiss.

6.   The parties then discussed the merits of the case to be tried. Following that discussion on the record, the following entry was made on the Court docket: "Court inquire[d] of plaintiff's counsel what evidence he has to prove his case. Court *sua sponte* grants summary judgment for the defendant for the reasons stated on the record. Clerk to enter judgment for the defendant dismissing the action." *See* Electronic Docket Text and <u>Judgment in a Civil Case</u> (attached hereto as Exhibit A.)

7.   Judge Lindsay determined, after extensive questioning of Plaintiff's counsel concerning what evidence he was going to produce to show that the Cuttichia claim would have been covered but for Medallion's alleged negligence, that the Plaintiff had insufficient evidence to

proceed to trial. Based on the Plaintiff's offer of proof, the Court appropriately ruled that the Plaintiff was without the required *prima facie* elements of his case against Medallion.

8. Now, eight months later, Plaintiff's counsel is asserting a new theory of proof: that the Plaintiff, Mr. Caiazzo, should be able to testify that two pages of an insurance policy issued <u>five years after the loss,</u> constitute a complete and accurate rendition of the policy which would have been in place for the loss in 1996. Plaintiff's counsel bases this new evidentiary theory on a 1999 Federal Court case.[1]

9. Federal Rule of Civil Procedure 60(b) provides that a "court may relieve a party…from a final judgment, order or proceeding" based on *inter alia*, "mistake, inadvertence, surprise or excusable neglect" and "newly discovered evidence which by due diligence could not have been discovered in time." Fed.R.Civ.P. 60(b)(1) and (2). "[R]elief under Rule 60(b) is extraordinary

---

[1] Plaintiff's counsel's new theory would still not enable him to present a prima facie case. *Rayden v. Church,* 337 Mass. 652, 664 (1958) (In order to establish causation and damages in a negligence claim against an insurance broker, "(i)t is common knowledge that proof of recovery under an insurance policy *requires* careful attention to compliance with applicable policy provisions.") The Plaintiff has fallen quite short of what happened in the case cited in his Motion, *John Beaudette, Inc. v. Sentry Ins.,* 94 F.Supp.2d. 77, 100 (D. Mass. 1999) (That case involved an extensive and knowledgeable authentication process, whereby the plaintiff recreated a *complete and accurate* rendition of the original policy, and presented sufficient evidence to allow a reasonable person to believe that the rendition of the policy was a complete and accurate rendition of the original. *Id.* at 89, FN 4, and at 136. Furthermore, that case stands for the proposition that the insured thereafter bears the burden of proving that the loss is covered by demonstrating that it is within the policy description of the covered risks. *Id.* at 134-135.) Plaintiff has still failed to produce the insurance policy(ies) or terms thereof which plaintiff had in effect in **1996**, in order to prove the extent to which the Cuttichia claim would have been covered, but for Medallion's alleged negligence. There is no such thing as "standard" liability insurance which covers all negligence/liability claims. Therefore Plaintiff cannot assume and this court may not judicially note that Plaintiff would have been covered, either in whole or in part, for the Cuttichia claim but for Medallion's alleged negligent failure to notify the insurer of that claim based upon a couple of pages of a completely different and incomplete insurance policy issued five years later. *Rayden v. Church,* 337 Mass. 652, 656 (1958) ("There is no standard form of accident policy; there are many different terms and conditions of such policies.") Indeed, Massachusetts law reflects that claims like the one brought by Cuttichia are typically <u>not</u> covered by liability insurance coverage. *See, United Nat. Ins. Co. v. Parish,* 48 Mass. App. Ct. 67 (1999) (where plaintiff's alleged injuries arose from assault and rape, and exclusion precluded coverage for suits arising out of assault and/or battery, the policy excluded coverage even when the injured party alleged that the assault was the result of the insured's negligence); *Fuller v. First Financial Ins. Co.,* 448 Mass. 1 (2006) (landlord's liability insurer did not owe coverage to plaintiff, who was assaulted and raped, pursuant to the assault and battery exclusion). *First Specialty Ins. Corp. v. Ringer,* 1998 WL 1181994 (Mass. Superior Court, Rup, J., 1998) (no liability coverage owed to insured bar where underlying plaintiff's injuries arose out of fight or altercation with another patron at the insured's bar, due to the assault and battery exclusion).

in nature and...motions invoking that rule should be granted sparingly." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir.2002).

10. Plaintiff cannot now, eight months after the dismissal of the action, seek relief from the judgment based upon his purported newfound ability to advance an alternative means of presenting a *prima facie* case. In his motion, Plaintiff did not set forth any explanation for the delay in filing. The two pages of the 2001-2002 policy which Plaintiff now asserts are an accurate (and complete) version of the 1996 policy were not newly discovered as they were produced by the Defendant in connection with the original summary judgment proceedings in 2006. Additionally, the case which Plaintiff is relying on in his motion is from 1999. The facts and law at issue were readily available to Plaintiff prior to the scheduled February 26, 2007 trial date. Plaintiff's counsel had no means of presenting a *prima facie* case in February, and cannot now, eight months later, attempt a new theory of presenting his case due to his lack of preparation in February.

11. Federal Rule of Civil Procedure 60(b) states that "motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Judgment for the Defendant entered on or about February 26, 2007. Plaintiff filed his Motion for Relief on November 6, 2007, over eight months later, advancing a purportedly new theory of causation (although it is not really new- Plaintiff's attorney attempted to go down this road previously), and offering absolutely no reason for the delay in instituting a motion for relief from the judgment. The one-year limit is the outermost boundary of the allowed filing time. *Klessens v. Daly*, 24 Mass.App. 920 (1987) (trial judge did not abuse his discretion when denying plaintiff's motion for relief eleven days prior to the one-year expiration.) By way of analogy, motions for reconsideration which are filed long after

allowing a motion for summary judgment and which attempt to advance a new theory are not proper. *Dworman v. St. Paul Fire and Marine Ins. Co. et. al.*, 2007 WL 2367787 (Mass.Super.2007) (Motion for reconsideration filed five days before the one year deadline without sufficient reason for delay and advancing a new theory of liability denied) *citing, Vangel v. Fleet Mortgage Group, Inc.* 2006 WL 1229712 (Mass.App.Ct.2006.)

12.     In his Motion for Relief, Plaintiff states his "surprise" was due to the filing of Medallion's Motion to Dismiss on the day of trial. Medallion's filing of a Motion to Dismiss based upon Rule 11 has no bearing on the Plaintiff's ability and preparedness to present a *prima facie* case at trial. Plaintiff's counsel also posits that it was excusable neglect that he was not able to answer the Court's questions. It is certainly not "excusable neglect" to be completely unable to tell the Court what evidence he has to prove his case on the morning of the trial with the jury waiting to be empanelled.

13.     A party moving for relief from summary judgment based on newly discovered evidence must meet all of the requirements set forth in *Mitchell v. United States*, 141 F.3d 8, 18 (1st Cir.1998): "(1) the evidence has been discovered since the trial; (2) the evidence could not by due diligence have been discovered earlier by the movant; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence is of such a nature that it would probably change the result were a new trial to be granted." *U.S. Steel v. M. DeMatteo Const. Co.*, 315 F.3d 43, 52 (1st Cir.2002) (citing *Mitchell v. United States*, 141 F.3d 8, 18 (1st Cir.1998). The Plaintiff in this case does not meet any, nevermind, all of the *Mitchell* requirements for all of the reasons previously set forth in this Opposition.

14.     Plaintiff lastly attempts to set aside the judgment based upon Rule 60(b)(3), alleging that Medallion perpetrated a fraud by filing its Motion to Dismiss. As stated previously, Medallion's

5

Motion to Dismiss was irrelevant to the dismissal of the case, as the judgment for Medallion was specifically based on Plaintiff counsel's inability to articulate proof of a *prima facie* case at trial, and <u>not</u> the Rule 11 issue. After the dismissal of the case, the Court gave Medallion the option of pursuing its Rule 11 Motion against Plaintiff. Although Medallion chose to "take the high road" and bring the case to a close, it fully stands behind the assertions in its Motion to Dismiss. Furthermore, the suggestion by the Plaintiff that the Motion to Dismiss influenced the Court in its decision to order judgment based upon Plaintiff's lack of evidence is incorrect and disrespectful to this Honorable Court. Most extraordinarily, Plaintiff and/or his counsel is again perpetrating a fraud upon the Court by filing the new false and fraudulent statements contained in the subject Motion for Relief From Judgment and supporting affidavit. At a minimum, the Court will recall that Plaintiff's counsel admitted, on the record on February 26, 2007, that he did not disclose the fact of the prior payment of the property damage claim to the Court, or defense counsel, through the summary judgment proceedings all the way up until the day of trial. Plaintiff's counsel handled that prior action himself. Instead, Plaintiff's counsel presented his arguments at the summary judgment proceedings as though no prior payment had been made. This was a fraud upon the Court and upon defense counsel.

 WHEREFORE, the Defendant, Medallion Insurance Agencies, Inc., respectfully requests this Honorable Court that the Plaintiff's Motion for Relief From Judgment be DENIED, and that it be awarded costs and fees expended in drafting and filing this Opposition to Plaintiff's frivolous Motion.

MEDALLION INSURANCE AGENCIES, INC.
By its attorneys,

*/s/ Kathleen A. Bugden*
William D. Chapman
BBO #551261
Kathleen A. Bugden
BBO #662498
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

## CERTIFICATE OF SERVICE

I, Kathleen A. Bugden, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

>Dean Carnahan, Esq.
>LAW OFFICES OF DEAN CARNAHAN
>126 Broadway
>Arlington, MA 02474

>/s/ Kathleen A. Bugden
>Kathleen A. Bugden

Date: November 9, 2007

# EXHIBIT A

Case 1:04-cv-12627-RCL    Document 55-2    Filed 11/12/2007    Page 1 of 3

**Kathleen A. Bugden**
___

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Tuesday, February 27, 2007 11:10 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:04-cv-12627-RCL Caiazzo v. The Medallion Insurance Agencies, Inc. "Hearing (Other)"

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Hourihan, Lisa entered on 2/27/2007 at 11:09 AM EST and filed on 2/26/2007
**Case Name:** Caiazzo v. The Medallion Insurance Agencies, Inc.
**Case Number:** 1:04-cv-12627
**Filer:**
**Document Number:**

**Docket Text:**
ElectronicClerk's Notes for proceedings held before Judge Reginald C. Lindsay : Jury Trial held on 2/26/2007. Dean Carnahan for the plaintiff. William Chapman and Kathleen Bugden for the defenant. Court meets with counsel prior to the beginning of the trial. Counsel for the defendant files a motion to dismiss. Court hears arguments from counsel. Court inquires of plaintiff's counsel what evidence he has to prove his case. Court sua sponte grants summary judgment for the defendant for reasons stated on the record. Clerk to enter judgment for the defendant dismissing this action. (Court Reporter D. Joyce.) (Hourihan, Lisa)

The following document(s) are associated with this transaction:

**1:04-cv-12627 Notice will be electronically mailed to:**

Kathleen A. Bugden      kbugden@melicklaw.com

Dean Carnahan      ddcarnahan@rcn.com

William D. Chapman      wchapman@melicklaw.com, kcognac@melicklaw.com

**1:04-cv-12627 Notice will not be electronically mailed to:**

2/27/2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN D. CAIAZZO
        Plaintiff(s)

v.                      CIVIL ACTION NO. 04-12627-RCL

THE MEDALLION INSURANCE
AGENCIES, INC.
        Defendant(s)

## JUDGMENT IN A CIVIL CASE

LINDSAY, D.J.

☐ **Jury Verdict.** This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by the Court.** This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

Judgment for the defendant The Medallion Insurance Agencies, Inc.


Sarah A. Thornton, Clerk

Dated: February 27, 2007           /s/ Lisa M. Hourihan
                                  ( By ) Deputy Clerk

NOTE: The post judgment interest rate effective this date is _____%.

(judgciv.frm - 10/96)                                                                  [jgm.]